UNINCORPORATED TOWN OF MONROE, NEW YORK
TOWN BOARD

ADOPTED LOCAL LAW NO. _____
IMPLEMENTING A MORATORIUM ON THE DEVELOPMENT
OF RESIDENTIAL PROPERTY OF THE
UNINCORPORATED TOWN OF MONROE , NEW YORK

**Section 1.**     **Legislative findings and intent.**

The Town Board ("Board ") of the Incorporated Town of Monroe, New York ('Town") hereby finds that there is a critical and compelling need, in the public interest as set forth herein, to impose a moratorium on the development of all residential property construction in the Town.

A. The Town previously undertook a Comprehensive Master Plan review in 2005 and enacted Local Laws with regard to the Comprehensive Master Plan ("CMP") in 2008. The 2005 CMP indicated:

> In order to remain useful, municipal plans require periodic review and revision, typically at five to ten-year intervals. Economic conditions and business practices, housing and land use needs, transportation conditions and environmental standards are in a constant state of change; so municipal Plans need to be re-evaluated in order to provide for current needs.

In 2015, the then Town Board confirmed that the Zoning Regulations were in need of amendment and that a rezoning process had been in effect for over half a decade. Moreover, a Draft Generic Environmental Impact Statement ("DGEIS") was prepared to evaluate proposed 2015 Chapter 57 Zoning Amendments. Accordingly, the need for a current CMP that reflects all current land use, socio-economic, community character and other impacts is required.

B. The Town Board finds that the issues raised in The 2005 CMP that was adopted in 2008 warrant the Town consider a CMP at this time since economic and social impacts and trends have rendered assumptions and recommendations in the 2005 CMP in need of review and revision and that various ad hoc reviews and attempted amendments to the prior CMP do not provide for a Comprehensive Plan as New York State Town Law Section 272-a contemplates. A proper Town Comprehensive Plan would include various elements at the level of detail adapted to the requirements of the Town that would provide for the goal of the Town for smart and sustainable land use practices. This general statement of goals for smart sustainable land use in the Town requires that specific objectives, principles, policies and standards both in the immediate and long range development of the Town are necessary considering regional needs, the existing and proposed location and intensity of land uses, the conservation of agricultural uses, the historic and culture resources, natural resources and sensitive environmental areas; the consideration of population, demographic and

socio-economic trends and future projections including the community character as well as the need to review appropriate transportation facilities, public and private utilities and infrastructure, the existing housing resources and future housing needs, including affordable housing and the other factors that are required to be reviewed in any Comprehensive Master Plan and the Town needs to undertake a comprehensive review so that a current CMP reflects all Town Law requirements.

C. The Town Board finds that factors in connection with development or potential development in the Town as well as the potential development of a land within the surrounding areas may have a significant impact upon the health, safety and general welfare of the Town, its inhabitants and visitors, and upon existing uses, public services, traffic and the environment, in general.

D. These circumstances require that the Town Board undertake, without delay, a focused review of the existing and anticipated residential uses in the Town and thereafter, an examination of the Town's zoning regulations that pertain to any such Districts that allow residential uses in order to determine whether these regulations should be amended or otherwise changed.

E. The Town Board had previously retained the services of the planning consulting firm of Nelson, Pope & Voorhis, LLC to provide recommendations regarding the need to update the CMP, and to amend the zoning chapter and related land use regulations in a manner that is consistent with the CMP, as may be amended, to encourage lawful smart sustainable development in the Town.

F. The Town Board hereby finds that the adoption of a moratorium on the development of residential construction will best maintain the status quo during the study period in order to prevent interim development from frustrating the objectives of the study.

**Section 2.    Scope of moratorium.**

A. Moratorium on the issuance of residential building permits and other actions: No building permit application shall be accepted, and no pending building permit application shall be further processed or approved, and no suspended or revoked building permit shall be reinstated for residential uses located within the unincorporated area of the Town of Monroe, except in accordance with this Local Law.

B. Moratorium on actions by the Town Board, Planning Board and Zoning Board of Appeals: The Town Board, Planning Board and Zoning Board of Appeals shall not process, hear, rehear, approve or sign any new or pending preliminary or final site plan, preliminary or final subdivision, special permit, variance or other land use application or permit which relates directly or indirectly to residential construction, including but not limited to any grading permit, erosion and sediment control permit, wetland permit, sewer connection permit, floodplain development permit, water connection permit, which may be granted in association with residential construction.

C. Moratorium and provisions of Town Law: To the extent that any provision of New York State Town Law imposes a time frame for action by a municipal entity, board or body so that a default approval will result from any inaction, the time for any action required by any Town Board, Body, Agency or other entity shall be and is hereby extended until this Moratorium and any as well as all extensions thereof have expired and have not been extended by the Town Board. Therefore, no default approval shall be deemed to have taken place with regard to any application for any approval concerning land use development by reason of this moratorium being in effect.

**Section 3.    Hardship review.**

A. Upon a showing of severe hardship (defined as no economic return on any land purchase), the Town Board may grant relief from the moratorium imposed in Subsection 2 hereof if it determines, in its absolute discretion, that granting such relief is consistent with the health, safety and general welfare of its inhabitants of the Town and their property and in harmony with the spirit and purposes of this Local Law.

Upon receipt of a written application for said relief from the moratorium, the Town Board shall hold a public hearing on said application and, thereafter, act to either grant, deny or otherwise consider the application.

**Section 4.    Casualty exemption.**

The provisions of this Local Law shall not apply to the restoration or replacement of any building or portion thereof which shall have been damaged or destroyed by fire or other casualty. This exemption, however, shall not be applicable to the restoration or replacement of any building which, prior to the effective date of this Local Law, shall have constituted a non-conforming building under the Zoning Code of the Town, nor shall this Subsection 4 in any way prevent the extinguishment of any non-conforming use as a result of casualty destruction.

**Section 5.    Expiration of moratorium.**

This Local Law shall expire without further action of the Town Board three (3) months following the effective date hereof and thereafter shall be of no force or effect. However, it is appears that any required review and study referred to hereinabove will not be completed within three (3) months from the effective date of this Local Law, the Town Board may, by Local Law, extend the period of this moratorium for an additional three (3) months or such other and further time period that is reasonable in scope and duration.

**Section 6.    State Environmental Quality Review Act.**

Pursuant to 6 NYCRR 617.5 (30) this Local Law is classified as Type II action which requires no further review under the State Environmental Quality Review Act.

**Section 7.     Severability.**

If any clause, sentence, paragraph, section, or part of this Local Law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder hereof, but shall be confined in its operation to the clause, sentence, paragraph, section or part hereof directly involved in the controversy in which such judgment shall have been rendered.

**Section 8.     Effective date.**

This Local Law shall become effective immediately upon being filed with the Secretary of State.