

**Orange County Department of Planning**

124 Main Street
Goshen, NY 10924-2124
Tel: (845) 615-3840
Fax: (845) 291-2533

David E. Church, AICP
Commissioner
www.orangecountygov.com/planning
planning@orangecountygov.com

Steven M. Neuhaus
County Executive

## County Reply – Mandatory Review of Local Planning Action
## as per NYS General Municipal Law §239-l, m, &n

**Local Referring Board:** Town of Monroe Town Board  
**Applicant:** Town of Monroe Board  
**Project Name:** Moratorium on Residential Development  
**Referral ID #:** MOT 08-16M  
**Tax Map #:** townwide  
**Local File #:** none provided  
**Proposed Action:** Local Law proposing a three-month moratorium on the development of residential property in the Town of Monroe outside the incorporated villages of Harriman, Kiryas Joel and Monroe  
**Reason for County Review:** Local Law governing land use  
**Date of Full Statement:** Submitted March 31, 2016; substantially revised April 18, 2016

2 pages

**Comments:** The Department has received the above referenced local law and offers the following comments:

1. <u>Moratorium Term</u>: The proposed local law gives a term for this proposed moratorium of three months, while the Town reviews and updates the Comprehensive Plan. We advise the Town that Comprehensive Plan updates undertaken recently by other municipalities throughout the County and region have required, on average, more than a year to complete. While we strongly support the Town's decision to update the Comprehensive Plan, we advise the Town that moratoriums are best used as short-term solutions allowing the Town time to research, analyze and implement real solutions. Moratoriums should be no longer in duration than is required to bring about meaningful long-term solutions to the problems for which they have been enacted. What constitutes a reasonable length of time varies by circumstance. The moratorium should be set to a timeframe that both allows for meaningful analysis and respects the rights of property owners within the Town. We advise the Town, therefore, to determine whether three months is sufficient to review and analyze the existing Comprehensive Plan and propose meaningful updates. This Department is also prepared to facilitate this analysis and provide technical assistance to the Town, including demographic analysis and mapping, if requested.

2. The Department notes that there appears to be a error or missing word in line 2, Section 5, Expiration of Moratorium. "However, it is appears that ..." as written is an incomplete or grammatically incorrect phrase as part of any important provision of the proposed Local Law.

3. We also acknowledge the important consideration and clear rules set as to which development projects will be affected or not affected by the proposed moratorium in the context of where they are in the approval process. However, there is expected to be a set of projects with varying levels of existing approvals, including potentially final approval from the planning board, that will be affected by the moratorium as written. These projects should be inventoried prior to any moratorium taking effect, as the proposed requirement for relief from the moratorium to evidence "severe" hardship, equaling a showing of "no economic return on any land purchase". The use of the term

"severe" is unusual in this context. As such moratoria on projects already given conditional final or final approval can impose a significant hardship. While it can be permissible to enact the same, it is the Department's recommendation that the Board take a true 'hard look' at moratoria on projects with that level of approval status. This Department is not making any binding comment on the same but encourages the Board to consider whether it is appropriate to exempt all (or even portions) of those projects from the moratorium.

**County Recommendation: Approval subject to review and consideration of advisory comments items 1 and 3 above and to binding comment and correction as noted in item 2 above.**

Date: April 22, 2016
Prepared by: Megan Tennermann, AICP, Planner

**David Church, AICP**
**Commissioner of Planning**

As per NYS General Municipal Law 239-m & n, within 30 days of municipal final action on the above referred project, the referring board must file a report of the final action taken with the County Planning Department. For such filing, please use the final action report form attached to this review or available on-line at www.orangecountygov.com/planning.