New York State Department of State
Division of Corporations, State Records and Uniform Commercial Code
One Commerce Plaza, 99 Washington Avenue
Albany, NY 12231-0001
www.dos.ny.gov

## Local Law Filing

**(Use this form to file a local law with the Secretary of State.)**

Text of law should be given as amended. Do not include matter being eliminated and do not use italics or underlining to indicate new matter.

☐ County  ☐ City  ☒ Town  ☐ Village
*(Select one.)*

of Monroe

Local Law No. 2 of the year 20 17

A local law  The Incorporated Town of Monroe, New York Town Board Amending Chapter 57-3
*(Insert Title)*
and Chapter 57-21 of the Code of the Town of Monroe Entitled Accessory Apartments

Be it enacted by the  Town Board  of the
*(Name of Legislative Body)*

☐ County  ☐ City  ☒ Town  ☐ Village
*(Select one.)*

of Monroe  as follows:

see attached A

**(If additional space is needed, attach pages the same size as this sheet, and number each.)**

**(Complete the certification in the paragraph that applies to the filing of this local law and strike out that which is not applicable.)**

1. **(Final adoption by local legislative body only.)**
I hereby certify that the local law annexed hereto, designated as local law No. 2 of 20 17 of the (~~County~~)(~~City~~)(Town)(Village) of Monroe was duly passed by the Town Board on February 27 20 17 , in accordance with the applicable
*(Name of Legislative Body)*
provisions of law.

2. **(Passage by local legislative body with approval, no disapproval or repassage after disapproval by the Elective Chief Executive Officer*.)**
I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)
*(Name of Legislative Body)*
(repassed after disapproval) by the _____ and was deemed duly adopted
*(Elective Chief Executive Officer*)*
on _____ 20____, in accordance with the applicable provisions of law.

3. **(Final adoption by referendum.)**
I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)
*(Name of Legislative Body)*
(repassed after disapproval) by the _____ on _____ 20____.
*(Elective Chief Executive Officer*)*
Such local law was submitted to the people by reason of a (mandatory)(permissive) referendum, and received the affirmative vote of a majority of the qualified electors voting thereon at the (general)(special)(annual) election held on _____ 20____, in accordance with the applicable provisions of law.

4. **(Subject to permissive referendum and final adoption because no valid petition was filed requesting referendum.)**
I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)
*(Name of Legislative Body)*
(repassed after disapproval) by the _____ on _____ 20____. Such local
*(Elective Chief Executive Officer*)*
law was subject to permissive referendum and no valid petition requesting such referendum was filed as of _____ 20____, in accordance with the applicable provisions of law.

---

* Elective Chief Executive Officer means or includes the chief executive officer of a county elected on a county-wide basis or, if there be none, the chairperson of the county legislative body, the mayor of a city or village, or the supervisor of a town where such officer is vested with the power to approve or veto local laws or ordinances.

5. (City local law concerning Charter revision proposed by petition.)
I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20 ____ of the City of _____ having been submitted to referendum pursuant to the provisions of section (36)(37) of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of such city voting thereon at the (special)(general) election held on _____ 20 _____, became operative.

6. (County local law concerning adoption of Charter.)
I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20 ____ of the County of _____ State of New York, having been submitted to the electors at the General Election of November _____ 20 _____, pursuant to subdivisions 5 and 7 of section 33 of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of the cities of said county as a unit and a majority of the qualified electors of the towns of said county considered as a unit voting at said general election, became operative.

(If any other authorized form of final adoption has been followed, please provide an appropriate certification.)
I further certify that I have compared the preceding local law with the original on file in this office and that the same is a correct transcript therefrom and of the whole of such original local law, and was finally adopted in the manner indicated in paragraph 1_____ above.

*[signature]* Town Clerk
Clerk of the county legislative body, City, Town or Village Clerk or officer designated by local legislative body

(Seal)

Date: March 1, 2017

LOCAL LAW NO. 2 OF 2017 OF THE INCORPORATED TOWN OF
MONROE, NEW YORK TOWN BOARD AMENDING CHAPTER 57-3
AND CHAPTER 57-21 OF THE CODE OF THE TOWN OF MONROE
ENTITLED ACCESSORY APARTMENTS

A LOCAL LAW to amend Chapter 57-3, Chapter 57-21 and District Regulations of the Town Code of the Town of Monroe pursuant to New York Municipal Home Rule Law Section 10 et seq.

BE IT ENACTED AS FOLLOWS:

Section 1. Authority.

The adoption of this Local Law is in accordance with Section 10 of the New York Municipal Home Rule Law.

Section 2. Title and Purpose.

This law shall be known as and may be cited as "Local Law No. ___ of 2017" to Amend Chapter 57-3 and Chapter 57-21 of the Town Code of the Town of Monroe. The purpose of this Local Law is to amend Chapter 57-3 and Chapter 57-21 of the Code of the Town of Monroe.

Section 3. Legislative Findings and Amendments.

Section 57-3 of the Town Code of the Town of Monroe is hereby amended by adding the following new article defining Accessory Apartment Dwelling:

§ 57-3. DWELLING, ACCESSORY APARTMENT

A separate dwelling unit with its own cooking, sanitary and sleeping facilities and occupied by no more than one family for living purposes, which accessory apartment is a part of, subordinate and incidental to a single-family dwelling located on the same individual lot, and wherein the principal single-family dwelling is owner-occupied.

Section 57-21 of the Town Code of the Town of Monroe is hereby amended by adding the following new article regulating Accessory Apartment Dwellings:

§ 57-21. Accessory Apartment Dwellings.

It is the purpose and intent of this Section to allow the establishment of one accessory apartment located entirely within a single-family dwelling in order to: provide an opportunity for the development of small rental housing units designed to meet the special housing needs of senior citizens, single persons and small households; to ensure the retention of single-family neighborhood character; allow the more efficient use of the Town's housing stock with minimal impact on community character and resources; and provide economic support for existing resident families. Consistent with the intent of this section, any owner occupying a single-family dwelling may apply to [the Planning Board] for approval for an Accessory Apartment

permit to seek the establishment of one accessory apartment. The Planning Board shall review such application, without requiring a public hearing, and strictly apply the following standards:

Any application for an Accessory Apartment shall require submission of a plan showing the proposed accessory apartment and parcel survey. The Planning Board is not granted the authority to waive any of the standards set forth below except as specifically provided herein:

(A) Accessory to the single-family detached dwelling. Subject to the review and approvals set forth herein, an accessory apartment is allowed in any zoning district that permits a single-family detached dwelling as a permitted use.

(B) Compliance with district regulations. The lot on which the accessory apartment is to be located shall meet all bulk requirements applicable to a single-family detached dwelling as set forth in the Schedule of District Regulations, for the zoning district in which it is located.

(C) Dwelling size. The minimum habitable floor area for an accessory apartment shall be 450 square feet, but in no case shall such accessory apartment exceed 30% of the gross floor area of the single-family detached dwelling in which it is located or 750 square feet of gross floor area, whichever is less. Any building which proposes an accessory apartment that exceeds the maximum habitable floor area requirement shall be deemed a two-family dwelling. An accessory apartment is allowed only entirely within a single-family detached dwelling that complies at the time of application with Section 57-45A of this Zoning Law. The applicant shall submit a floor plan to scale of the single-family detached dwelling that illustrates the interior space within which the accessory apartment will be created. No accessory apartment shall be considered "accessory" where such apartment requires a greater area of a lot or larger setbacks or yards or for which greater restrictions than for the principal use on the lot are imposed by this Section.

(D) Existing single-family detached dwelling. The principal single-family detached dwelling shall have been lawfully constructed and used as a single-family detached dwelling for at least ten (10) years prior to the date that an application is made for the creation of an accessory apartment. Evidence of such use shall include the date of a duly issued certificate of occupancy for the single-family detached dwelling or other evidence of use that the Planning Board finds adequate to establish that the single-family detached dwelling has been lawfully established and maintained for at least ten (10) years. The Planning Board may waive the ten (10) year requirement upon an evidentiary showing by the applicant establishing that the accessory apartment will enable the owner occupying the principal dwelling to provide care for an elderly or disabled relative residing in the accessory apartment.

(E) Owner occupancy required. The principal single-family detached dwelling wherein the

accessory apartment is to be located must be occupied, at the time of application and at all times thereafter while the accessory apartment is established and maintained, as the principal domicile of the record owner of title. Ownership shall be evidenced by the last deed recorded in the office of the Clerk of the County of Orange. Evidence that the dwelling is occupied as the principal domicile of the record owner may be established by an affidavit of the record owner, supported by voting records or such competent evidence as would be sufficient to establish domicile for purposes of voting. It shall be a condition of every certificate of occupancy issued for an accessory apartment that occupancy of such dwelling unit is valid only if the unit is located in an owner-occupied single-family dwelling, and the certificate of occupancy shall prominently display in bold print a statement that occupancy of such accessory apartment is not lawful and valid unless the single-family dwelling is owner-occupied. In the event a certificate of occupancy is issued without such statement, it shall not prevent enforcement of the condition. Nothing herein shall permit the establishment of separate ownership, e.g., condominium, of either dwelling unit.

(F) Maximum number of accessory apartments. There shall be no more than one accessory apartment in any single-family detached dwelling.

(G) The accessory apartment shall comply with all applicable requirements of the New York State Uniform Fire Prevention and Building Code and shall be maintained in a neat and orderly manner.

(H) Off-street parking shall be provided on the following basis: two parking spaces per unit. The parking spaces shall be provided with a backup or turnaround area so that cars which park in the parking spaces are not required to back out into the street. The backup or turnaround area shall not be construed as nor used as a legal parking space.

(I) No use shall be permitted accessory to an accessory apartment.

(J) Each dwelling unit in the structure shall contain its own separate and independent bathroom and kitchen entirely located within each dwelling unit. The accessory apartment shall contain no more than one bedroom and no other space shall, in the determination of the Planning Board, be so configured that it could be used as a second bedroom (e.g., a den, a sewing room, etc.).

(K) No exterior changes or expansion, which may alter its existing foundation, existing roofline, or existing façade, may be made to the principal single-family detached dwelling except for the installation of an entrance to serve the accessory apartment. The structure in which the accessory apartment is located shall have only one front entrance and only one entrance from any other facade of the structure. An exterior entrance leading to a foyer with interior entrances leading from the foyer to the dwelling units will be acceptable pursuant to this requirement.

(L) Lot coverage. The Planning Board may allow an increase in lot coverage to create the required parking spaces pursuant to 57-21 H of this Section, or to construct a sidewalk to the entrance of the accessory apartment. The maximum lot coverage for the single-family detached dwelling applicable to the zoning district within which it is located shall not be exceeded.

(M) The accessory apartment may be in a zone that is serviced by either an on-site septic system or central sewage facility, by a well or central water facility. Adequate water supply and sewage disposal facilities shall be available as certified by a New York State licensed professional engineer, except such certification is not required if the building is connected to public water and sewer services. The adequacy of the water and sewer facilities must be demonstrated to the satisfaction of the Town Engineer during Accessory Apartment permit review.

(N) Conditions of approval.

   (1) In addition to the above standards, the Planning Board shall grant such application and issue the required Accessory Apartment permit only after determining that the issuance of such Accessory Apartment permit will not adversely affect adjoining properties and the general surrounding neighborhood where the accessory apartment is proposed to be located. In the event that the Planning Board determines a proposed accessory apartment may adversely affect adjoining properties or the surrounding neighborhood, it may, as a condition of approving a permit, require that the applicant establishes and maintains landscaping or fencing, or other mitigation measures, where necessary, to avoid such adverse effects.

   (2) It shall be a condition of the Accessory Apartment permit, whether or not specifically incorporated therein, that:

      (a) The owner shall maintain the accessory apartment use in conformance with the requirements of this Section and all applicable provisions of the Uniform Fire Prevention and Building Code, including, but not limited to, the Property Maintenance Code of New York State; and

      (b) The Accessory Apartment permit shall be valid for a period of one year from the date that a certificate of occupancy is issued for the accessory apartment, and that it shall be automatically renewed annually by the Building Inspector upon submission by the record owner of an annual certification for renewal to be provided by the Town , attesting that the principal single-family dwelling is maintained as the owner's domicile; and payment of a renewal fee, in such amount as established by resolution of the Town Board, provided the Building Inspector

    determines such use has been maintained in accordance with all requirements herein and any applicable conditions of approval.

(3) If the Building Inspector determines at any time prior to renewal that the use has not been maintained in accordance with the requirements herein or any applicable conditions of approval, the Building Inspector shall give notice of such determination to the record owner and the Planning Board shall approve, disapprove, or approve with conditions the Accessory Apartment permit subject to renewal. The Planning Board shall consider the Building Inspector's findings in evaluating whether to renew the Accessory Apartment permit; and if it determines that it intends to deny such renewal or to impose additional conditions on such renewal, the Planning Board shall give written notice of its intent to the record owner at the most-recent address shown on the tax roll of the Town, and provide an opportunity for the record owner to be heard on the matter, and shall consider any evidence submitted by the record owner in support of the renewal of the Accessory Apartment permit. The Planning Board shall thereafter approve, approve with conditions or deny the Accessory Apartment permit, stating the reasons for its decision.

(4) Transfer of title. Within 60 days after the record owner transfers title to premises for which a Accessory Apartment permit has been granted for an accessory apartment, the new record owner shall provide such evidence to the Building Inspector as may be necessary to demonstrate that the principal residential structure is occupied by the new record owner in accordance with § 57-21E of this Section. In the event that the new record owner fails to do so, the Building Inspector shall serve a written notice upon the owner or occupant to do so by a date certain. In the event that the record owner fails to do so, the Building Inspector shall give notice of such noncompliance to the record owner and the Planning Board, and the Planning Board shall consider the Building Inspector's findings in considering whether to renew the Accessory Apartment permit; and if it determines that it intends to deny such renewal or to impose additional conditions on such renewal, the Planning Board shall give written notice of its intention to the record owner at the most-recent address shown on the tax roll of the Town, and provide an opportunity for the record owner to be heard on the matter, and shall consider any evidence submitted by the record owner in support of the renewal of the Accessory Apartment permit. The failure of the Planning Board to take any action required by this section shall not constitute a waiver of such requirement. The Planning Board shall thereafter approve, approve with conditions or deny the Accessory Apartment permit, stating the reasons for its decision.

(5) Effect of denial of renewal. The Planning Board shall direct that the accessory apartment created pursuant to this Section be vacated, its use as an accessory apartment created pursuant to this Section be discontinued, and that all improvements installed to

    allow its use as an accessory apartment be removed.

(O) Inspections. The applicant shall agree and acknowledge, in writing, to the Town of Monroe the understanding that, should the parcel be sold, the Building Inspector is authorized to conduct a site visit to verify that the accessory apartment is in compliance with the conditions of the Accessory Apartment permit issued for the property. The Building Inspector, or a duly authorized designee of the Building Inspector, may perform a fire, safety and property maintenance inspection of the accessory apartment upon the request of the owner of the property to be inspected or an authorized agent of such owner or the occupant. In the event that the Building Inspector has a reasonable basis to believe that the accessory apartment or principal structure does not comply with applicable provisions of the Accessory Apartment permit, Chapter 57 or the Uniform Fire Prevention and Building Code, and the owner or an authorized agent or occupant does not consent to such inspection, the Building Inspector may apply for a warrant to permit such inspection. Nothing in this subsection shall permit such inspection in such circumstances unless such warrant has been obtained.

Section 57-10 of the Town Code of the Town of Monroe is hereby amended to reflect the following changes to the District Regulations, as set forth below, regarding Accessory Apartment Dwellings:

    Schedule of District Regulations, (RR 1.5 Acre District): Amend #7 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

    Schedule of District Regulations, (RR 1.0 Acre District): Amend #7 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

    Schedule of District Regulations, (SR 20 District): Amend #6 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

    Schedule of District Regulations, (SR 15 District): Amend #6 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

    Schedule of District Regulations, (SR 10 District): Amend #6 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

    Schedule of District Regulations, (URM District): Amend #7 in Column 2 to read: "Accessory apartments upon approval pursuant to Article VII";

Section 4. Repeal, Amendment, and Supersession of Other Laws.

    All other Resolutions, Ordinances or Local Laws of the Town of Monroe which conflict with the provisions of this Local Law are hereby superseded or repealed to the extent necessary

to give this Local Law force and effect.

Section 5. State Environmental Quality Review Act.

Pursuant to 6 NYCRR 617, this Local Law is classified as Type I action and the Town Board has determined that no negative environmental impacts will result from enactment of this local law under the State Environmental Quality Review Act.

Section 6. Severability.

If the provisions of any article, section, subsection, paragraph, subdivision or clause of this Local Law shall be judged invalid by a court of competent jurisdiction, such order of judgment shall not affect or invalidate the remainder of any article, section, subsection, paragraph, subdivision or clause of this local law.

Section 7. Effective Date.

This Local Law shall take effect immediately upon filing in the office of the New State Secretary of State in accordance with Section 27 of the New York Municipal Home Rule Law.