

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

March 28, 2018

**Via ECF**
Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, NY 10601

                Re:   *Highview Properties D.H.F. Inc., v. Town of Monroe, et al.*
                      Docket No. 18 Civ. 867 (NSR)(LMS)

Your Honor:

    We represent the Town of Monroe, the Town Board and its members, the Town Supervisor, the Town Planning Board Chairperson, Anthony Cardone, Richard Colon, and Michael McGinn.[1] We write to request a pre-motion conference in anticipation of moving to dismiss the Complaint in its entirety.

### Allegations of the Complaint; Relevant Factual Background

    In 2016, the Town set out to review and revise its 2005 Comprehensive Master Plan ("CMP"). The Town had to consider changes to its social and physical makeup and to ensure the zoning met the community's goals and served its land use policies. This required a focused review of the Town's environmental and planning issues and the related zoning regulations. To alleviate any immediate pressures and maintain the status quo during the study period, it was essential to adopt a temporary moratorium on all residential development.

    On April 25, 2016, the Town's legislative body—the Town Board—adopted a local law, implementing a 90-day moratorium on development of residential property. The Town actively engaged in a thorough and community-oriented land use policy and development strategy, including public workshops, surveys, and public comment periods. As appropriate, the Town revisited the moratorium issue and extended it for 90-day periods.

    In May 2016, Plaintiff applied for exemption from the moratorium. The Town Board denied the application because Plaintiff did not show the required severe hardship.

    In January 2017, Plaintiff filed a hybrid Article 78 Petition/Verified Complaint challenging the moratorium (the "State Action").[2] It asserts facial and as-applied challenges to the moratorium, alleging the moratorium violates its "constitutionally protected vested rights," and seeks judgment, *inter alia*: 1) vacating the denial of its application for exemption from the

---

[1] We do not appear on behalf of defendant former Town Supervisor Harley Doles, sued only "in his official capacity," ECF No. 1 at ¶ 36, because "[a] claim against a person 'in his former official capacity' has no meaning." *Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997).

[2] *See Highview Properties D.H.F., Inc. v. Town of Monroe, et al.* Index No.298/2017.

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 2 of 4

moratorium and ordering the Town Board to approve the application; 2) ordering the Town Board to take certain actions with respect to its project; and 3) declaring the moratorium invalid.

In February 2017, the Town Board passed a local law, amending the Town's Accessory Apartment law. The new law limits how the buyers and occupants of single-family dwellings—not developers—may use and expand their properties in the future. It does not affect Plaintiff's approvals or change the current scope of its project.

In November 2017, the Town Board adopted an update to its CMP and amendments to its zoning code. As a direct effect of these legislative acts, the moratorium expired. In December 2017, Plaintiff filed an amended pleading in the State Action to add challenges to the Accessory Apartment and new zoning laws. It seeks, *inter alia*, a judgment declaring it is entitled to a "Special Fact Exception" for exemption from these laws. The State Action remains *sub judice*.

Plaintiff filed this action February 2018, with the State Action pending. As in its parallel proceeding, Plaintiff asserts challenges to the moratorium, the denial of its exemption application, the Accessory Apartment law, and the new zoning. It adds Due Process claims that mirror and depend on the state law challenges, alleged discrimination under the Equal Protection Clause and Fair Housing Act ("FHA), retaliation under the FHA, and conspiracy under § 1985. And it challenges the Accessory Apartment Law as exclusionary zoning under state law. Plaintiff also adds challenges to the new zoning laws to six of the causes of action (*see* FAC ¶¶ 317, 329, 340, 353, 369, 384). Plaintiff also adds state law "exclusionary zoning" and federal Takings claims relating to the Accessory Apartment and new zoning laws.

**Immunity for Cardone, McGinn, & Colon**: Supervisor Cardone and councilmen McGinn and Colon are entitled to absolute legislative and qualified immunity from all individual capacity claims. Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity," *Bogan v. Scott–Harris,* 523 U.S. 44, 54, (1998), regardless of an official's motive or intent. *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007). Because enactment of the moratorium and amendment of the Accessory Apartment and zoning laws were purely legislative acts, Cardone, McGinn, and Colon are absolutely immune from suit. They are also entitled to qualified immunity because Plaintiff fails to plausibly allege they acted with discriminatory motive, much less that such motives were a substantial factor in the passage of the laws in question. Plaintiff cannot show a violation of *any* constitutional right, much less a clearly established one. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

**Abstention**: The Court should abstain from hearing all claims in light of the previously-filed parallel State Action. *Colorado River Water Conserv. Dist. v. U.S.A*, 424 U.S. 800 (1976). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (quoting *478 *Dittmer v. County of Suffolk,* 146 F.3d 113, 118 (2d Cir.1998)); *see also Weiser v. Koch*, 632 F. Supp. 1369, 1386 (S.D.N.Y. 1986) (cases parallel where "the crucial threshold issue" of whether plaintiffs had a property interest under state law would be "decided imminently.") Here, the parties are identical and the "crucial threshold issue" to Plaintiff's constitutional challenges—whether it has a vested

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 3 of 4

property interest and should be exempt from the new zoning—is pending in the state court. Proceeding in both fora will waste resources and creates the risk of inconsistent rulings.

**Mootness, Standing, & Ripeness** (First through Fourth, Sixth, Eighth through Eleventh Causes of Action): Plaintiff's challenges to the expired moratorium are moot. It also lacks standing to challenge the Accessory Apartment Law, which applies to *occupied* single-family dwellings, and the new zoning. "As a rule, a party must assert his or her own legal rights and interests, and cannot rest the claim to relief on the legal rights or interests of third parties." *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 997 F. Supp. 340, 349 (E.D.N.Y. 1998). Plaintiff speculates these laws "will disproportionately affect Hasidic Jews," but it cannot assert speculative claims on behalf of potential future tenants, who may or may not turn out to be Hasidic Jews and who may or may not seek to add accessory apartments to their units.

Plaintiff's challenges to the Accessory Apartment and new zoning laws also are not ripe. "To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (citation omitted); *see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985); *Cong. Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 608 (S.D.N.Y. 2013) (applying *Williamson* to as-applied FHA claim). Plaintiffs' challenges to these laws are entirely speculative and unripe. The Town has never applied these laws to Plaintiff's projects, nor has Plaintiff sought a variance.

**Failure to State a Claim** (First, Second, Fifth, Sixth, Seventh, Tenth, and Eleventh Causes of Action): Plaintiff cannot satisfy the property interest requirement for its constitutional challenges. *See Orange Lake Assocs., Inc. v. Kirkpatrick*, 825 F.Supp. 1169, 1178 (S.D.N.Y. 1993) (no protected interest in subdivision plat as NY Town Law § 276 grants discretion over preliminary and final plat approval), *aff'd*, 21 F.3d 1214 (2d Cir.1994). Plaintiff's Takings claims fail as it cannot allege the Town has "taken" any property, much less that it sought compensation "before proceeding to federal court." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005). Plaintiff's Equal Protection claims fail for lack of similarly situated comparators. *Olivier v. Cty. of Rockland*, 2018 WL 401187, at *8 (S.D.N.Y. Jan. 11, 2018).

Plaintiff's FHA retaliation claim fails because it never engaged in activity protected by the FHA. *See, e.g., Wilson v. Wilder Balter Partners, Inc.*, No. 13-CV-2595 KMK, 2015 WL 685194, at *12 (S.D.N.Y. Feb. 17, 2015) (dismissing FHA § 3617 claim for failure to allege engagement in protected activity). And Plaintiffs' § 1985 conspiracy claim is a nonstarter because officers of a single corporate entity are legally incapable of conspiring together, *Hartline v. Gallo*, 546 F.3d 95, 99 (2d Cir. 2008), particularly where the officers are alleged to be acting within the scope of their employment. *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.1978).

**State Law Claims**: All state law claims seeking money damages are barred by Plaintiffs' failure to comply with N.Y. General Municipal Law § 50-e.

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 4 of 4

      Thank you for your consideration of this matter.

                                                           Respectfully submitted,
                                                           SOKOLOFF STERN LLP

cc:    All parties by ECF                                        Leo Dorfman

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 4 of 4