# PORTALE | RANDAZZO

James A. Randazzo, Esq.
jrandazzo@PortaleRandazzo.com
Direct Dial: 914-359-2410

March 29, 2018

**Via ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

     Re: **Highview Properties D.H.F. Inc. v. Town of Monroe, et al.**
       **Docket No. 18 Civ. 00867 (NSR)**

Dear Judge Román:

  This firm represents Defendant Gerard McQuade, Jr. in the above-mentioned matter. I write to request a pre-motion conference in anticipation of moving to dismiss the Complaint as against Mr. McQuade pursuant to Fed. R. Civ. P. 12(b)(6). Earlier this evening Mr. Leo Dorfman, counsel for the Town of Monroe and other individually named defendants, filed a request on his clients' behalfs to convene a conference in advance of moving to dismiss the Complaint against them. Counsel aptly set forth the relevant factual background and Mr. McQuade adopts the background as if set forth herein.

  Plaintiff brings this suit against Mr. McQuade individually and in his official capacity as a former member of the Town of Monroe Town Board. For substantially the same reasons as set forth in Mr. Dorfman's letter, Mr. McQuade will argue that the Complaint must be dismissed in its entirety against him. Additionally, Plaintiffs allegations against McQuade are distinct from those against other individual Town Board members. Throughout the Complaint Plaintiff points to statements of various individual defendants, or their political party, that Plaintiff asserts gives rise to an inference of discriminatory intent. However, Plaintiff's factual pleading concerning McQuade indicates that the political party and movement Plaintiff complains of, United Monroe, criticized McQuade for supporting "one of his masters," an attorney representing an allegedly similarly situated developer to Plaintiff. *See* Compl. ¶ 175.

  Moreover, Plaintiff admits that McQuade voted against the Zoning Law Amendments, Local Law No. 6 of 2017 passed on November 20, 2017. *See* Compl. ¶ 271. Thus, by virtue of voting against the Zoning Law Amendments, McQuade was not a "moving force" behind the alleged Constitutional violations that Plaintiffs suffered and he cannot be held personally liable under 42 U.S.C. § 1983. <u>See</u> <u>Jeffries v. Harleston</u>, 21 F.3d 1238, 1247 (2d Cir. 1994).

Case 7:18-cv-00867-NSR Document 40 Filed 03/28/18 Page 2 of 2

Highview Properties D.H.F. Inc. v. Town of Monroe, et al.
Docket No. 18 Civ. 00867 (NSR)
March 28, 2018
Page 2 of 2

Finally, McQuade enjoys both absolute and qualified immunity for his conduct in voting to extend the Moratorium Law and to deny Plaintiff's exemption/variance application. McQuade's votes to extend the Moratorium Law are legislative and thus he enjoy legislative immunity. McQuade enjoys qualified immunity for his vote related to Plaintiff's exemption/variance application because it was objectively reasonable for him to enforce the Moratorium Law until such time that the Town's Comprehensive Master Plan could be updated and the amendments to the Town Zoning Code implemented.

For these reasons and those stated in Mr. Dorfman's letter of today's date, McQuade joins in co-defendants' request that the Court convene a conference to address the Defendants' anticipated motions to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                                            Respectfully submitted,

                                            /s/ James A. Randazzo

                                            James A. Randazzo

cc:    Counsel of record via ECF.