

WHITEMAN
OSTERMAN
& HANNA LLP

Attorneys at Law
www.woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

John J. Henry
Partner
518.487.7650 phone
jhenry@woh.com

April 2, 2018

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

    Re:    Highview Properties D.H.F. Inc. v. Town of Monroe et al.
            Case No. 18 Civ. 867 (NSR) (LMS) [rel. Case No. 7:17-cv-7300 (NSR)(LMS)]

Dear Judge Román:

    Our firm represents Plaintiff Highview Properties D.H.F. Inc. ("Plaintiff") in this matter. Pursuant to this Court's individual rules, we write in response to Defendants' letters requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint.

    As alleged in the Complaint, Defendants have violated Plaintiff's constitutional rights and the Fair Housing Act by intentionally discriminating against Plaintiff's real estate projects because they could possibly provide housing available to the Hasidic Jewish community in the Town and surrounding region. After the Town Planning Board granted conditional final subdivision approval for Plaintiff's project, explicitly finding that the project would be the most appropriate use of the site and complied with all zoning laws and the Town's comprehensive master plan, Defendants set in motion a series of events that were designed to prohibit the construction of the project that the Planning Board had approved. The crux of Defendants' discriminatory campaign was the adoption of a residential building moratorium that was specifically drafted to apply even to approved projects like Plaintiff's and precluded the Planning Board chair from taking the mere ministerial action of signing the approved subdivision plats. Defendants' discriminatory campaign culminated in the adoption of new zoning laws by the Defendants.

    The Town Board's actions to bar construction of Plaintiff's projects were based in religious animus against the local Hasidic Jewish community and were intended to preclude housing that could accommodate them. Indeed, public comments during the campaign to elect United Monroe candidates to the Town Board and the subsequent moratorium adoption and extension proceedings, including comments made and adopted by members of the Town Board, make clear that the Town's actions were intended to obstruct any development in the Town that was perceived to be by or on behalf of the Hasidic Jewish community in the Village of Kiryas Joel and to "Take Back Our Town" from what they called the "Kiryas Joel Power Elite."

    Plaintiff filed this action to vindicate its constitutional and statutory rights to proceed with its project. Defendants offer various conclusory grounds for dismissal, including official

immunity, abstention and mootness, standing and ripeness, among others. The Second Circuit and this Court have repeatedly sustained similar claims in the face of discriminatory efforts by local governments. *See e.g. Westchester Day School v. Vill. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007); *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412 (2d Cir. 1995); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 280 F. Supp. 3d 426 (S.D.N.Y. Dec. 7, 2017). Contrary to Defendants' arguments, Plaintiff's allegations are more than sufficient to permit the Court to draw a "reasonable inference" that, accepting the allegations as true, the Defendants are "liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). No basis, therefore, exists to dismiss the complaint at this early stage in the litigation.

**Legislative and Qualified Immunity**: The Defendants sued in their individual capacities seek to dismiss on the ground that they are immune from suit. Even if the Defendants' adoption of the amended zoning laws, moratorium law and amendments to the Accessory Apartments Law were legislative actions in nature, the complaint also alleges that Defendants refused to consider or approve the form public improvement security agreements and bonding and denied Plaintiff's exemption application, which was intended to preclude Plaintiff from satisfying the conditions of its Planning Board approvals and obtaining vested rights in its project. (Complaint, ¶¶ 59-60, 157-162). Those actions—the refusal to grant approvals for the projects and allow them to proceed—were enforcement actions administrative in nature, not broad-based legislative policy decisions, and do not offer Defendants legislative immunity. *See e.g. Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir. 2003); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 701-02 (S.D.N.Y. 2011). Indeed, the question whether an action is truly legislative is one that frequently requires discovery. *See e.g. State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 89 (2d Cir. 2007).

Nor are Defendants entitled to qualified immunity. *See Burns v. Citarella*, 443 F. Supp. 2d 464, 471-73 (S.D.N.Y. 2006). The Complaint plausibly alleges that Plaintiff obtained constitutionally vested rights to construct its project in accordance with the Planning Board final subdivision approval, and that the Town Board was advised that application of the moratorium to previously approved projects was a violation of the Due Process Clauses of the U.S. and N.Y. Constitutions and 42 U.S.C. § 1983, which are unquestionably well-established rights (Complaint, ¶¶ 168-169). The Complaint also plausibly alleges religious animus by the Individual Defendants as it alleges that they adopted the new zoning laws and the moratorium, denied Plaintiff's exemption application, and took the challenged administrative actions specifically to keep Hasidic Jews out of the Town (Complaint, ¶¶ 68-96, 115-126, 176-179).

**Abstention and Mootness**: "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813 (1976). This Court should not abstain from hearing Plaintiff's claims challenging the new zoning laws or the application of the moratorium. The state court is evaluating whether the new zoning laws and moratorium were illegally adopted on state law grounds and whether the denial of Plaintiff's exemption application was arbitrary and capricious under New York CPLR Article 78. In contrast here, the Complaint seeks to vindicate Defendants' violation of Plaintiff's constitutional civil rights and the FHA by adopting the new zoning laws and the moratorium and taking other governmental actions grounded in religious animus and seeks damages under federal law, which is not available in the state court proceeding. Abstention is, therefore, inappropriate.

Although the moratorium has expired, Plaintiff's claims are not moot because this Court may still grant effective relief to Plaintiff for the violation of their constitutional rights by enjoining application of the Town's new comprehensive plan and zoning amendments that arose from the illegal moratorium and awarding Plaintiff damages. Such relief would permit Plaintiff the opportunity to file its signed subdivision map, construct its project as originally approved by the Town Planning Board, and would compensate Plaintiff for Defendants' illegal conduct. *See e.g. Marin v Town of Southeast*, 136 F. Supp. 3d 548, 563 (S.D.N.Y. 2015).

**Standing and Ripeness**: Plaintiff has standing to challenge the Accessory Apartment Law and the new zoning law because it is the owner of the project that the Town Planning Board has approved for single-family housing to which the law applies. Additionally, Plaintiff, by the law's very terms, is precluded from ever applying to add accessory apartments to its homes because the law permits such apartments only to owner-occupied dwellings, not to corporate- or LLC-owned property, and any application for a variance would be futile as the law does not grant the Town Board authority to waive its requirements for an LLC-owned property. *See Westchester Day School v. Village of Mamaroneck*, 236 F. Supp. 2d. 349, 354-55 (S.D.N.Y. 2002). These provisions were part and parcel of Defendants' discriminatory campaign to make housing unavailable for the Hasidic Jewish community, and have uniquely harmed Plaintiff's property rights sufficient to grant it standing.

**Failure to State a Claim**: Plaintiff has sufficiently pled all claims and alleged a property interest in its vested right to construct the projects in accordance with the subdivision and site plan approvals. Absent Defendants' bad faith and discriminatory conduct, Plaintiff would have been able to obtain the final ministerial approvals, satisfy any remaining conditions of the site plan and subdivision approvals, file the subdivision maps, and commence work on their approved projects prior to the enactment of the new zoning laws. Plaintiff has also adequately pled takings claims by alleging that the Accessory Apartments law has taken its property and is a final action with no available means of administrative recourse for LLC-owned property. Similarly, the new zoning law has deprived Plaintiff of vested property rights and caused economic damage by imposing restrictions for which there is no reasonable relationship to a legitimate public purpose. Finally, Plaintiff's equal protection claims are adequately pled as they allege intentional discrimination by Defendants against those of the Hasidic Jewish faith and that the Accessory Apartments law and the new zoning law were specifically written to discriminate against projects that would make housing available to those of the Hasidic Jewish faith.

The Complaint plausibly alleges that Plaintiff engaged in protected conduct by opposing Defendants' adoption of the moratorium because it was intended to discriminate against the Hasidic Jewish community (Complaint, ¶¶ 129-130); *see Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002). The Complaint plausibly alleges that Defendants engaged in a conspiracy with United Monroe and associated members of the public, not merely amongst the Town Board members, to violate Plaintiff's constitutional rights and discriminate against the Hasidic Jewish community in violation of § 1985 (Complaint ¶¶ 332-343).

**State Law Claims**: Plaintiff's state law claims seek injunctive, not monetary relief, and notice pursuant to N.Y. Gen. Mun. Law §50-e was not required.

3

          Sincerely,

          */s/ John J. Henry*

          John J. Henry

cc:    L. Dorfman, Esq.
      J. Randazzo, Esq.