**MEMORANDUM ENDORSEMENT**

<u>Highview Properties D.H.F. Inc. v. Town of Monroe, et al.</u>, 18 cv 867 (NSR)

The Court is in receipt of the attached pre-motion letter from Defendants the Town of Monroe, the Town Board and its members, the Town Supervisor, the Town Planning Board Chairperson, Anthony Cardone, Richard Colon and Michael McGinn, dated March 28, 2018 (ECF No. 38), the pre-motion letter from Defendant Gerard McQuade Jr., dated March 28, 2018 (ECF No. 40), and Plaintiff's response letter, dated April 2, 2018 (ECF No. 41). The Court waives the pre-motion conference requirement and grants Defendants leave to file their separate motions to dismiss with the following briefing schedule: moving papers shall be served **not filed** July 2, 2018; oppositions shall be served **not filed** August 17, 2018; and replies shall be served September 5, 2018. The parties are directed to file all motion documents on the reply date, September 5, 2018, and to provide 2 copies of their respective documents to chambers as the documents are served. The Clerk of the Court is respectfully requested to terminate the motions (ECF Nos. 38 and 40).

Dated: May 16, 2018
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/2018



179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

# SOKOLOFF STERN LLP

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

March 28, 2018

Via ECF
Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, NY 10601

     Re: *Highview Properties D.H.F. Inc., v. Town of Monroe, et al.*
        Docket No. 18 Civ. 867 (NSR)(LMS)

Your Honor:

  We represent the Town of Monroe, the Town Board and its members, the Town Supervisor, the Town Planning Board Chairperson, Anthony Cardone, Richard Colon, and Michael McGinn.[1] We write to request a pre-motion conference in anticipation of moving to dismiss the Complaint in its entirety.

### Allegations of the Complaint; Relevant Factual Background

  In 2016, the Town set out to review and revise its 2005 Comprehensive Master Plan ("CMP"). The Town had to consider changes to its social and physical makeup and to ensure the zoning met the community's goals and served its land use policies. This required a focused review of the Town's environmental and planning issues and the related zoning regulations. To alleviate any immediate pressures and maintain the status quo during the study period, it was essential to adopt a temporary moratorium on all residential development.

  On April 25, 2016, the Town's legislative body—the Town Board—adopted a local law, implementing a 90-day moratorium on development of residential property. The Town actively engaged in a thorough and community-oriented land use policy and development strategy, including public workshops, surveys, and public comment periods. As appropriate, the Town revisited the moratorium issue and extended it for 90-day periods.

  In May 2016, Plaintiff applied for exemption from the moratorium. The Town Board denied the application because Plaintiff did not show the required severe hardship.

  In January 2017, Plaintiff filed a hybrid Article 78 Petition/Verified Complaint challenging the moratorium (the "State Action").[2] It asserts facial and as-applied challenges to the moratorium, alleging the moratorium violates its "constitutionally protected vested rights," and seeks judgment, *inter alia*: 1) vacating the denial of its application for exemption from the

---

[1] We do not appear on behalf of defendant former Town Supervisor Harley Doles, sued only "in his official capacity," ECF No. 1 at ¶ 36, because "[a] claim against a person 'in his former official capacity' has no meaning." *Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997).

[2] *See Highview Properties D.H.F., Inc. v. Town of Monroe, et al.* Index No.298/2017.

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 2 of 4

moratorium and ordering the Town Board to approve the application; 2) ordering the Town Board to take certain actions with respect to its project; and 3) declaring the moratorium invalid.

In February 2017, the Town Board passed a local law, amending the Town's Accessory Apartment law. The new law limits how the buyers and occupants of single-family dwellings—not developers—may use and expand their properties in the future. It does not affect Plaintiff's approvals or change the current scope of its project.

In November 2017, the Town Board adopted an update to its CMP and amendments to its zoning code. As a direct effect of these legislative acts, the moratorium expired. In December 2017, Plaintiff filed an amended pleading in the State Action to add challenges to the Accessory Apartment and new zoning laws. It seeks, *inter alia*, a judgment declaring it is entitled to a "Special Fact Exception" for exemption from these laws. The State Action remains *sub judice*.

Plaintiff filed this action February 2018, with the State Action pending. As in its parallel proceeding, Plaintiff asserts challenges to the moratorium, the denial of its exemption application, the Accessory Apartment law, and the new zoning. It adds Due Process claims that mirror and depend on the state law challenges, alleged discrimination under the Equal Protection Clause and Fair Housing Act ("FHA), retaliation under the FHA, and conspiracy under § 1985. And it challenges the Accessory Apartment Law as exclusionary zoning under state law. Plaintiff also adds challenges to the new zoning laws to six of the causes of action (*see* FAC ¶¶ 317, 329, 340, 353, 369, 384). Plaintiff also adds state law "exclusionary zoning" and federal Takings claims relating to the Accessory Apartment and new zoning laws.

**Immunity for Cardone, McGinn, & Colon**: Supervisor Cardone and councilmen McGinn and Colon are entitled to absolute legislative and qualified immunity from all individual capacity claims. Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity," *Bogan v. Scott–Harris*, 523 U.S. 44, 54, (1998), regardless of an official's motive or intent. *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007). Because enactment of the moratorium and amendment of the Accessory Apartment and zoning laws were purely legislative acts, Cardone, McGinn, and Colon are absolutely immune from suit. They are also entitled to qualified immunity because Plaintiff fails to plausibly allege they acted with discriminatory motive, much less that such motives were a substantial factor in the passage of the laws in question. Plaintiff cannot show a violation of *any* constitutional right, much less a clearly established one. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

**Abstention**: The Court should abstain from hearing all claims in light of the previously-filed parallel State Action. *Colorado River Water Conserv. Dist. v. U.S.A*, 424 U.S. 800 (1976). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (quoting *478 Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998)); *see also Weiser v. Koch*, 632 F. Supp. 1369, 1386 (S.D.N.Y. 1986) (cases parallel where "the crucial threshold issue" of whether plaintiffs had a property interest under state law would be "decided imminently.") Here, the parties are identical and the "crucial threshold issue" to Plaintiff's constitutional challenges—whether it has a vested

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 3 of 4

property interest and should be exempt from the new zoning—is pending in the state court. Proceeding in both fora will waste resources and creates the risk of inconsistent rulings.

**Mootness, Standing, & Ripeness** (First through Fourth, Sixth, Eighth through Eleventh Causes of Action): Plaintiff's challenges to the expired moratorium are moot. It also lacks standing to challenge the Accessory Apartment Law, which applies to *occupied* single-family dwellings, and the new zoning. "As a rule, a party must assert his or her own legal rights and interests, and cannot rest the claim to relief on the legal rights or interests of third parties." *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 997 F. Supp. 340, 349 (E.D.N.Y. 1998). Plaintiff speculates these laws "will disproportionately affect Hasidic Jews," but it cannot assert speculative claims on behalf of potential future tenants, who may or may not turn out to be Hasidic Jews and who may or may not seek to add accessory apartments to their units.

Plaintiff's challenges to the Accessory Apartment and new zoning laws also are not ripe. "To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (citation omitted); *see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985); *Cong. Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 608 (S.D.N.Y. 2013) (applying *Williamson* to as-applied FHA claim). Plaintiffs' challenges to these laws are entirely speculative and unripe. The Town has never applied these laws to Plaintiff's projects, nor has Plaintiff sought a variance.

**Failure to State a Claim** (First, Second, Fifth, Sixth, Seventh, Tenth, and Eleventh Causes of Action): Plaintiff cannot satisfy the property interest requirement for its constitutional challenges. *See Orange Lake Assocs., Inc. v. Kirkpatrick*, 825 F.Supp. 1169, 1178 (S.D.N.Y. 1993) (no protected interest in subdivision plat as NY Town Law § 276 grants discretion over preliminary and final plat approval), *aff'd*, 21 F.3d 1214 (2d Cir.1994). Plaintiff's Takings claims fail as it cannot allege the Town has "taken" any property, much less that it sought compensation "before proceeding to federal court." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005). Plaintiff's Equal Protection claims fail for lack of similarly situated comparators. *Olivier v. Cty. of Rockland*, 2018 WL 401187, at *8 (S.D.N.Y. Jan. 11, 2018).

Plaintiff's FHA retaliation claim fails because it never engaged in activity protected by the FHA. *See, e.g., Wilson v. Wilder Balter Partners, Inc.*, No. 13-CV-2595 KMK, 2015 WL 685194, at *12 (S.D.N.Y. Feb. 17, 2015) (dismissing FHA § 3617 claim for failure to allege engagement in protected activity). And Plaintiffs' § 1985 conspiracy claim is a nonstarter because officers of a single corporate entity are legally incapable of conspiring together, *Hartline v. Gallo*, 546 F.3d 95, 99 (2d Cir. 2008), particularly where the officers are alleged to be acting within the scope of their employment. *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978).

**State Law Claims**: All state law claims seeking money damages are barred by Plaintiffs' failure to comply with N.Y. General Municipal Law § 50-e.

SOKOLOFF STERN LLP

Hon. Nelson S. Román
March 28, 2018
Page 4 of 4

       Thank you for your consideration of this matter.

                                                Respectfully submitted,
                                                SOKOLOFF STERN LLP

cc:    All parties by ECF                        Leo Dorfman

# PORTALE | RANDAZZO

James A. Randazzo, Esq.
jrandazzo@PortaleRandazzo.com
Direct Dial: 914-359-2410

March 29, 2018

**Via ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

    Re: **Highview Properties D.H.F. Inc. v. Town of Monroe, et al.**
       **Docket No. 18 Civ. 00867 (NSR)**

Dear Judge Román:

  This firm represents Defendant Gerard McQuade, Jr. in the above-mentioned matter. I write to request a pre-motion conference in anticipation of moving to dismiss the Complaint as against Mr. McQuade pursuant to Fed. R. Civ. P. 12(b)(6). Earlier this evening Mr. Leo Dorfman, counsel for the Town of Monroe and other individually named defendants, filed a request on his clients' behalfs to convene a conference in advance of moving to dismiss the Complaint against them. Counsel aptly set forth the relevant factual background and Mr. McQuade adopts the background as if set forth herein.

  Plaintiff brings this suit against Mr. McQuade individually and in his official capacity as a former member of the Town of Monroe Town Board. For substantially the same reasons as set forth in Mr. Dorfman's letter, Mr. McQuade will argue that the Complaint must be dismissed in its entirety against him. Additionally, Plaintiffs allegations against McQuade are distinct from those against other individual Town Board members. Throughout the Complaint Plaintiff points to statements of various individual defendants, or their political party, that Plaintiff asserts gives rise to an inference of discriminatory intent. However, Plaintiff's factual pleading concerning McQuade indicates that the political party and movement Plaintiff complains of, United Monroe, criticized McQuade for supporting "one of his masters," an attorney representing an allegedly similarly situated developer to Plaintiff. *See* Compl. ¶ 175.

  Moreover, Plaintiff admits that McQuade voted against the Zoning Law Amendments, Local Law No. 6 of 2017 passed on November 20, 2017. *See* Compl. ¶ 271. Thus, by virtue of voting against the Zoning Law Amendments, McQuade was not a "moving force" behind the alleged Constitutional violations that Plaintiffs suffered and he cannot be held personally liable under 42 U.S.C. § 1983. See Jeffries v. Harleston, 21 F.3d 1238, 1247 (2d Cir. 1994).

Hugo v. Town of Monroe, et al.
Docket No. 18 Civ. 00867 (NSR)
March 28, 2018
Page 2 of 2

Finally, McQuade enjoys both absolute and qualified immunity for his conduct in voting to extend the Moratorium Law and to deny Plaintiff's exemption/variance application. McQuade's votes to extend the Moratorium Law are legislative and thus he enjoy legislative immunity. McQuade enjoys qualified immunity for his vote related to Plaintiff's exemption/variance application because it was objectively reasonable for him to enforce the Moratorium Law until such time that the Town's Comprehensive Master Plan could be updated and the amendments to the Town Zoning Code implemented.

For these reasons and those stated in Mr. Dorfman's letter of today's date, McQuade joins in co-defendants' request that the Court convene a conference to address the Defendants' anticipated motions to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ James A. Randazzo

James A. Randazzo

cc:   Counsel of record via ECF.

**WHITEMAN**
**OSTERMAN** | Attorneys at Law
**& HANNA** LLP | www.woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

John J. Henry
Partner
518.487.7650 phone
jhenry@woh.com

April 2, 2018

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

    Re:    Highview Properties D.H.F. Inc. v. Town of Monroe et al.
           Case No. 18 Civ. 867 (NSR) (LMS) [rel. Case No. 7:17-cv-7300 (NSR)(LMS)]

Dear Judge Román:

    Our firm represents Plaintiff Highview Properties D.H.F. Inc. ("Plaintiff") in this matter. Pursuant to this Court's individual rules, we write in response to Defendants' letters requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint.

    As alleged in the Complaint, Defendants have violated Plaintiff's constitutional rights and the Fair Housing Act by intentionally discriminating against Plaintiff's real estate projects because they could possibly provide housing available to the Hasidic Jewish community in the Town and surrounding region. After the Town Planning Board granted conditional final subdivision approval for Plaintiff's project, explicitly finding that the project would be the most appropriate use of the site and complied with all zoning laws and the Town's comprehensive master plan, Defendants set in motion a series of events that were designed to prohibit the construction of the project that the Planning Board had approved. The crux of Defendants' discriminatory campaign was the adoption of a residential building moratorium that was specifically drafted to apply even to approved projects like Plaintiff's and precluded the Planning Board chair from taking the mere ministerial action of signing the approved subdivision plats. Defendants' discriminatory campaign culminated in the adoption of new zoning laws by the Defendants.

    The Town Board's actions to bar construction of Plaintiff's projects were based in religious animus against the local Hasidic Jewish community and were intended to preclude housing that could accommodate them. Indeed, public comments during the campaign to elect United Monroe candidates to the Town Board and the subsequent moratorium adoption and extension proceedings, including comments made and adopted by members of the Town Board, make clear that the Town's actions were intended to obstruct any development in the Town that was perceived to be by or on behalf of the Hasidic Jewish community in the Village of Kiryas Joel and to "Take Back Our Town" from what they called the "Kiryas Joel Power Elite."

    Plaintiff filed this action to vindicate its constitutional and statutory rights to proceed with its project. Defendants offer various conclusory grounds for dismissal, including official

immunity, abstention and mootness, standing and ripeness, among others. The Second Circuit and this Court have repeatedly sustained similar claims in the face of discriminatory efforts by local governments. *See e.g. Westchester Day School v. Vill. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007); *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412 (2d Cir. 1995); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 280 F. Supp. 3d 426 (S.D.N.Y. Dec. 7, 2017). Contrary to Defendants' arguments, Plaintiff's allegations are more than sufficient to permit the Court to draw a "reasonable inference" that, accepting the allegations as true, the Defendants are "liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). No basis, therefore, exists to dismiss the complaint at this early stage in the litigation.

**Legislative and Qualified Immunity**: The Defendants sued in their individual capacities seek to dismiss on the ground that they are immune from suit. Even if the Defendants' adoption of the amended zoning laws, moratorium law and amendments to the Accessory Apartments Law were legislative actions in nature, the complaint also alleges that Defendants refused to consider or approve the form public improvement security agreements and bonding and denied Plaintiff's exemption application, which was intended to preclude Plaintiff from satisfying the conditions of its Planning Board approvals and obtaining vested rights in its project. (Complaint, ¶¶ 59-60, 157-162). Those actions—the refusal to grant approvals for the projects and allow them to proceed—were enforcement actions administrative in nature, not broad-based legislative policy decisions, and do not offer Defendants legislative immunity. *See e.g. Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir. 2003); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 701-02 (S.D.N.Y. 2011). Indeed, the question whether an action is truly legislative is one that frequently requires discovery. *See e.g. State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 89 (2d Cir. 2007).

Nor are Defendants entitled to qualified immunity. *See Burns v. Citarella*, 443 F. Supp. 2d 464, 471-73 (S.D.N.Y. 2006). The Complaint plausibly alleges that Plaintiff obtained constitutionally vested rights to construct its project in accordance with the Planning Board final subdivision approval, and that the Town Board was advised that application of the moratorium to previously approved projects was a violation of the Due Process Clauses of the U.S. and N.Y. Constitutions and 42 U.S.C. § 1983, which are unquestionably well-established rights (Complaint, ¶¶ 168-169). The Complaint also plausibly alleges religious animus by the Individual Defendants as it alleges that they adopted the new zoning laws and the moratorium, denied Plaintiff's exemption application, and took the challenged administrative actions specifically to keep Hasidic Jews out of the Town (Complaint, ¶¶ 68-96, 115-126, 176-179).

**Abstention and Mootness**: "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813 (1976). This Court should not abstain from hearing Plaintiff's claims challenging the new zoning laws or the application of the moratorium. The state court is evaluating whether the new zoning laws and moratorium were illegally adopted on state law grounds and whether the denial of Plaintiff's exemption application was arbitrary and capricious under New York CPLR Article 78. In contrast here, the Complaint seeks to vindicate Defendants' violation of Plaintiff's constitutional civil rights and the FHA by adopting the new zoning laws and the moratorium and taking other governmental actions grounded in religious animus and seeks damages under federal law, which is not available in the state court proceeding. Abstention is, therefore, inappropriate.

Although the moratorium has expired, Plaintiff's claims are not moot because this Court may still grant effective relief to Plaintiff for the violation of their constitutional rights by enjoining application of the Town's new comprehensive plan and zoning amendments that arose from the illegal moratorium and awarding Plaintiff damages. Such relief would permit Plaintiff the opportunity to file its signed subdivision map, construct its project as originally approved by the Town Planning Board, and would compensate Plaintiff for Defendants' illegal conduct. *See e.g. Marin v Town of Southeast*, 136 F. Supp. 3d 548, 563 (S.D.N.Y. 2015).

**Standing and Ripeness**: Plaintiff has standing to challenge the Accessory Apartment Law and the new zoning law because it is the owner of the project that the Town Planning Board has approved for single-family housing to which the law applies. Additionally, Plaintiff, by the law's very terms, is precluded from ever applying to add accessory apartments to its homes because the law permits such apartments only to owner-occupied dwellings, not to corporate- or LLC-owned property, and any application for a variance would be futile as the law does not grant the Town Board authority to waive its requirements for an LLC-owned property. *See Westchester Day School v. Village of Mamaroneck*, 236 F. Supp. 2d. 349, 354-55 (S.D.N.Y. 2002). These provisions were part and parcel of Defendants' discriminatory campaign to make housing unavailable for the Hasidic Jewish community, and have uniquely harmed Plaintiff's property rights sufficient to grant it standing.

**Failure to State a Claim**: Plaintiff has sufficiently pled all claims and alleged a property interest in its vested right to construct the projects in accordance with the subdivision and site plan approvals. Absent Defendants' bad faith and discriminatory conduct, Plaintiff would have been able to obtain the final ministerial approvals, satisfy any remaining conditions of the site plan and subdivision approvals, file the subdivision maps, and commence work on their approved projects prior to the enactment of the new zoning laws. Plaintiff has also adequately pled takings claims by alleging that the Accessory Apartments law has taken its property and is a final action with no available means of administrative recourse for LLC-owned property. Similarly, the new zoning law has deprived Plaintiff of vested property rights and caused economic damage by imposing restrictions for which there is no reasonable relationship to a legitimate public purpose. Finally, Plaintiff's equal protection claims are adequately pled as they allege intentional discrimination by Defendants against those of the Hasidic Jewish faith and that the Accessory Apartments law and the new zoning law were specifically written to discriminate against projects that would make housing available to those of the Hasidic Jewish faith.

The Complaint plausibly alleges that Plaintiff engaged in protected conduct by opposing Defendants' adoption of the moratorium because it was intended to discriminate against the Hasidic Jewish community (Complaint, ¶¶ 129-130); *see Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002). The Complaint plausibly alleges that Defendants engaged in a conspiracy with United Monroe and associated members of the public, not merely amongst the Town Board members, to violate Plaintiff's constitutional rights and discriminate against the Hasidic Jewish community in violation of § 1985 (Complaint ¶¶ 332-343).

**State Law Claims**: Plaintiff's state law claims seek injunctive, not monetary relief, and notice pursuant to N.Y. Gen. Mun. Law §50-e was not required.

3

Sincerely,

*/s/ John J. Henry*

John J. Henry

cc: L. Dorfman, Esq.
J. Randazzo, Esq.