UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIGHVIEW PROPERTIES D.H.F. INC.,

               Plaintiff,

        -against-

TOWN OF MONROE; TOWN OF MONROE
TOWN BOARD; HARLEY DOLES as former
Town Supervisor in his official capacity;
ANTHONY CARDONE, as Town Supervisor and
individually; MARY BINGHAM as Monroe
Town Boardmember; RICHARD COLON, as
Monroe Town Boardmember and individually;
MICHAEL McGINN, as Monroe Town
Boardmember and individually; GERARD
McQUADE, JR., as Monroe Town Boardmember
and individually; and AUDRA SCWARTZ, as
Town of Monroe Planning Board Chairperson,

               Defendants.

Docket No.: 18-867 (NSR)

 

## MEMORANDUM OF LAW IN SUPPORT OF TOWN OF MONROE DEFENDANTS' MOTION TO DISMISS

SOKOLOFF STERN LLP
*Attorneys for Town of Monroe Defendants*
179 Westbury Ave
Carle Place, NY 11514
Phone: (516) 334-4500
File No.: 160203

*Of Counsel:*
    Leo Dorfman
    Alexander J. Eleftherakis

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................iiii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS ....................................................................................2

ARGUMENT ....................................................................................................7

POINT I:    CARDONE, MCGINN, AND COLON ARE ENTITLED TO IMMUNITY FROM SUIT ................7

   A.    ABSOLUTE LEGISLATIVE IMMUNITY ................................................................7

   B.    QUALIFIED IMMUNITY ................................................................................7

POINT II:   THE COURT SHOULD ABSTAIN FROM HEARING ALL CLAIMS
            IN LIGHT OF THE PREVIOUSLY-FILED PARALLEL STATE CASE........................................9

POINT III:  PLAINTIFF'S CHALLENGES TO THE EXPIRED MORATORIUM ARE MOOT
            (FIRST, SECOND, THIRD, SIXTH, SEVENTH, & TENTH CAUSES OF ACTION) ................12

POINT IV:   PLAINTIFF'S CHALLENGES TO THE NEW ZONING ARE UNRIPE (FIRST THROUGH
            FOURTH, SIXTH, & EIGHTH THROUGH ELEVENTH CAUSES OF ACTION)......................13

POINT V:    PLAINTIFF LACKS STANDING TO CHALLENGE THE NEW ZONING
            FOR ALLEGED RELIGIOUS DISCRIMINATION (FIRST THROUGH
            FOURTH, SIXTH, EIGTH THROUGH ELEVENTH CAUSES OF ACTION) ...........................16

POINT VI:   PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM ......................................16

   A.    NO PROPERTY INTEREST ...........................................................................17

   B.    NO "CONSCIENCE SHOCKING" CONDUCT ......................................................18

POINT VII:  PLAINTIFF FAILS TO STATE A TAKINGS CLAIM...........................................19

POINT VIII: PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM.....................................20

POINT IX:   PLAINTIFF FAILS TO STATE A FHA RETALIATION CLAIM ............................................21

POINT X:    PLAINTIFF FAILS TO STATE A CONSPIRACY CLAIM ......................................22

POINT XI:   PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK STATE CONSTITUTION
            (SECOND & SIXTH CAUSES OF ACTION) .......................................................23

i

POINT XII: THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE TOWN
        BOARD AND ALL INDIVIDUAL OFFICIAL-CAPACITY CLAIMS ........................................ 24

POINT XIII: PLAINTIFF'S FAILURE TO COMPLY WITH GENERAL MUNICIPAL
        LAW 50-E AND 50-H BARS ANY STATE LAW DAMAGES CLAIM .................................. 24

CONCLUSION ............................................................................................................................. 24

# TABLE OF AUTHORITIES

<span style="font-variant: small-caps;">Cases</span>

*Abramson v. Pataki*,
   278 F.3d 93 (2d Cir. 2002) ........................................................................................ 17

*Ahmed v. Town of Oyster Bay*,
   2014 WL 1092363 (E.D.N.Y. Mar. 18, 2014) .......................................................... 18

*Almonte v. City of Long Beach*,
   478 F.3d 100 (2d Cir. 2007) ...................................................................................... 7

*Amid v. Vill. of Old Brookville*,
   2013 WL 527772 (E.D.N.Y. Feb. 7, 2013) .............................................................. 21

*AMNEX, Inc. v. Rowland*,
   25 F. Supp. 2d 238 (S.D.N.Y. 1998) ........................................................................ 10

*AMSAT Cable Ltd. v. Cablevision of Conn.*,
   6 F.3d 867 (2d Cir. 1993) .......................................................................................... 14

*Anderson v. Creighton*,
   483 U.S. 635 (1987) .................................................................................................... 8

*Ashcroft v. Al-Kidd*,
   131 S. Ct. 2074 (2011) ................................................................................................ 8

*Assoc. Gen. Contractors of Connecticut, Inc. v. City of New Haven*,
   41 F.3d 62 (2d Cir. 1994) .......................................................................................... 12

*Automated Salvage Transp., Inc. v. Wheelabrator Envl. Sys., Inc.*,
   155 F.3d 59 (2d Cir. 1998) .......................................................................................... 2

*Bd. of Regents of State Colleges v. Roth*,
   408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) .............................................. 17

*Bogan v. Scott-Harris*,
   523 U.S. 44 (1998) ...................................................................................................... 7

*Bray v. Alexandria Women's Health Clinic*,
   506 U.S. 263, 113 S. Ct. 753 (1993) ........................................................................ 23

*Britt v. Garcia*,
   457 F.3d 264 (2d Cir.2006) ...................................................................................... 23

iii

*Bull & Bear Group, Inc. v. Fuller*,
    786 F. Supp. 388 (S.D.N.Y. 1992) ................................................................... 11

*Catanzano v. Wing*,
    277 F.3d 99 (2d Cir.2001) ............................................................................... 13

*Cellular Tel. Co. v. Vill. of Tarrytown*,
    209 A.D.2d 57, 624 N.Y.S.2d 170 (2d. Dept. 1995) ..................................... 19

*Chamberlain v. City of White Plains*, 12-Cv-5142 Cs,
    2013 Wl 6477334 (S.D.N.Y. Dec. 10, 2013) ................................................. 8

*Cine Sk8, Inc. v. Town of Henrietta*,
    507 F.3d 778 (2d Cir. 2007) ........................................................................... 23

*City of Cleburne v. Cleburne Living Ctr., Inc.*,
    473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) ............................... 20

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998) ........................................................................................ 19

*Cobb v. Pozzi*,
    363 F.3d 89 (2d Cir.2004) .............................................................................. 21

*Colorado River Water Conservation Dist. v. U.S.*,
    424 U.S. 800 (1976) ............................................................................... 9, 10, 11

*Dellutri v. Vill. Of Elmsford*,
    895 F. Supp. 2d 555 (S.D.N.Y. 2012) ........................................................... 21

*Dougherty v. Town Of N. Hempstead Bd. of Zoning Appeals*,
    282 F.3d 83 (2d Cir. 2002) ............................................................................. 14

*Dusanenko v. Maloney*,
    560 F. Supp. 822 (S.D.N.Y.1983) .................................................................... 7

*Engquist v. Oregon Dep't of Agric.*,
    553 U.S. 591 (2008) ........................................................................................ 21

*Felmine v. City of New York*, 09-Cv-3768 (Cba) (Jo),
    2012 WL 1999863 (E.D.N.Y. June 4, 2012) ............................................ 23, 24

*Ferran v. Town of Nassau*,
    471 F.3d 363 (2d Cir. 2006) ........................................................................... 19

*Flores v. City of Mount Vernon,*
   41 F. Supp. 2d 439 (S.D.N.Y. 1999) ....................................................................... 24

*Goldberg v. Town of Rocky Hill,*
   973 F.2d 70 (2d Cir. 1992) ........................................................................................ 7

*Great Atl. & Pac. Tea Co. v. Town of E. Hampton,*
   997 F. Supp. 340 (E.D.N.Y. 1998) ......................................................................... 16

*Guichard v. Town of Brookhaven,*
   26 F. Supp. 3d 219 (E.D.N.Y. 2014) ...................................................................... 20

*Harlen Assocs. v. Incorporated Village of Mineola,*
   273 F.3d 494 (2d Cir.2001) ...................................................................................... 21

*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo,*
   981 F.2d 50 (2d Cir. 1992) ....................................................................................... 13

*Hartline v. Gallo,*
   546 F.3d 95 (2d Cir. 2008) ....................................................................................... 23

*Herrmann v. Moore,*
   576 F.2d 453 (2d Cir.1978) ...................................................................................... 23

*Inn Chu Trading Co. v. Sara Lee Corp.,*
   810 F. Supp. 501 (S.D.N.Y. 1998) .......................................................................... 11

*La Vigna v. County of Westchester,*
   160 A.D.2d 564, 554 N.Y.S.2d 1014 (1st Dept.1990) ........................................... 25

*Lamar Adver. of Penn LLC v. Pitman,*
   573 F. Supp. 2d 700 (N.D.N.Y. 2008) .................................................................... 17

*Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York,*
   356 F.3d 365 (2d Cir. 2004) ..................................................................................... 13

*Lawson v. E. Hampton Planning and Zoning Comm'n,* No. 07–CV–1270,
   2008 U.S. Dist. LEXIS 72506 (D.Conn. Sept. 22, 2008) ...................................... 16

*Lighthouse Shores v. Town Of Islip,*
   41 Ny2d 7 (1976) ...................................................................................................... 19

*Livant v. Clifton,*
   334 F. Supp. 2d 321 (E.D.N.Y. 2004) ....................................................................... 7

*Lucas v. S.C. Coastal Council*,
   505 U.S. 1003 (1992) ............................................................................ 20

*Magee v. Nassau County Medical Ctr.*,
   27 F. Supp. 2d 154 (E.D.N.Y. 1998) ..................................................... 2

*Marcus Assocs., Inc. v. Town of Huntington*,
   45 N.Y.2d 501, 382 N.E.2d 1323 (1978) ............................................ 19

*Martinez v. City of Schenectady*,
   97 N.Y.2d 78, 735 N.Y.S.2d 868 (2001) ............................................. 24

*Massi v. Flynn*,
   353 F. App'x 658 (2d Cir. 2009) .......................................................... 21

*Mathie v. Fries*,
   121 F.3d 808 (2d Cir. 1997) ................................................................ 25

*METRO PCS New York LLC v. City of Mount Vernon*,
   739 F. Supp. 2d 409 (S.D.N.Y. 2010) ................................................. 24

*Miller v. Bd. of Managers of Whispering Pines at Colonial Woods Condo. II*,
   457 F. Supp. 2d 126 (E.D.N.Y. 2006) .................................................. 22

*Missere v. Gross*,
   826 F. Supp. 2d 542 (S.D.N.Y. 2011) ............................................ 2, 17

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) .............................................................................. 8

*Monell v. New York City Dept. of Social Servs.*,
   436 U.S. 658 (1978) ............................................................................ 24

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1 (1983) ................................................................................ 11

*Mouchantaf v. Int'l Modeling & Talent Ass'n*,
   368 F. Supp. 2d 303 (S.D.N.Y. 2005) ........................................... 10, 11

*Mullenix v. Luna*,
   136 S. Ct. 305, 193 L. Ed. 2d 255 (2015) ............................................. 9

*Murphy v. New Milford Zoning Comm'n*,
   402 F.3d 342 (2d Cir.2005) ........................................................... 15, 16

*Natale v. Town Of Ridgefield*,
    170 F.3d 258 (2d Cir. 1999) ............................................................................. 17

*Nat'l Org. for Marriage, Inc. v. Walsh*,
    714 F.3d 682 (2d Cir. 2013) ............................................................................ 14

*Nicholson v. Inc. Vill. of Garden City*,
    112 A.D.3d 893, 978 N.Y.S.2d 288 (2013) ...................................................... 19

*Okoh v. Sullivan*,
    441 F. App'x 813 (2d Cir. 2011) ..................................................................... 21

*Orange Lake Assocs., Inc. v. Kirkpatrick*,
    21 F.3d 1214 (2d Cir. 1994) ............................................................................. 7

*Osborne v. Fernandez*,
    2009 WL 884697 (S.D.N.Y. Mar. 31, 2009) .................................................. 14

*Overhoff v. Ginsburg Development, L.L.C.*,
    143 F.Supp.379 (S.D.N.Y. 2001) .................................................................. 16

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ............................................................................... 2

*Pearson v. Callahan*,
    555 U.S. 223 (2009) .......................................................................................... 8

*Pena v. Deprisco*,
    432 F.3d 98 (2d Cir. 2005) ......................................................................... 18, 19

*Pelekanos v. City of New York*,
264 A.D.2d 446, 694 N.Y.S.2d 694 (2d. Dept.1999) ........................................ 25

*Petruso v. Schlaefer*,
    312 F. App'x 397 (2d Cir. 2009) ..................................................................... 17

*Ponce v. 480 E. 21st St., LLC*,
    2013 WL 4543622 (E.D.N.Y. Aug. 28, 2013) ................................................ 22

*Powell v. Mccormack*,
    395 U.S. 486, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969) .................................. 13

*Prestopnik v. Whelan*,
    249 F. App'x 210 (2d Cir. 2007) ..................................................................... 21

*R-Goshen LLC v. Vill. Of Goshen,*
  289 F. Supp. 2d 441 (S.D.N.Y. 2003)................................................................. 14

*Radioactive, J.V. v. Manson,*
  153 F. Supp. 2d 462 (S.D.N.Y. 2001)................................................................. 12

*Reichle v. Howards,*
  566 U.S. 658 (2012) ............................................................................................. 9

*Repicci v. Sharpe,*
  96 A.D.2d 727, 465 N.Y.S.2d 352 (4th  Dep't 1983) ........................................ 19

*Rini v. Zwirn,*
  886 F. Supp. 270 (E.D.N.Y. 1995).................................................................... 7

*Robinson v. Allstate Ins. Co.,*
  508 Fed. App'x. 7 (2d Cir.2013)........................................................................ 23

*RRI Realty Corp. v. Inc. Vill. of Southampton,*
  870 F.2d 911 (2d Cir. 1989)............................................................................... 17

*Ruston v. Town Bd. for Town of Skaneateles,*
  610 F.3d 55 (2d Cir. 2010)................................................................................. 21

*S & R Dev. Estates, LLC v. Bass,*
  588 F. Supp. 2d 452 (S.D.N.Y.2008).................................................................. 15

*Schubert v. City Of Rye,*
  775 F. Supp. 2d 689 (S.D.N.Y. 2011)................................................................. 2

*Sheri Torah, Inc. v. Vill. of S. Blooming Grove,*
  2013 WL 1454953 (S.D.N.Y. Mar. 28, 2013) ................................................... 2

*Soundview Assocs. v. Town of Riverhead,*
  725 F. Supp. 2d 320 (E.D.N.Y. 2010)................................................................. 20

*Star Distributors, Ltd. v. Marino,*
  613 F.2d 4 (2d Cir. 1980)................................................................................... 7

*Strunk v. New York State Ins. Fund,*
  47 F. App'x 611 (2d Cir. 2002)........................................................................... 21

*T-Mobile Northeast LLC v. Town Of Ramapo,*
  701 F. Supp. 2d 446 (S.D.N.Y. 2009)................................................................. 24

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
   535 U.S. 302, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002) ........................................ 19

*Thomas v. Union Carbide Agr. Prod. Co.*,
   473 U.S. 568 (1985) ..................................................................................... 14

*Toussie v. Town Bd. of Town of E. Hampton*,
   2010 WL 597469 (E.D.N.Y. Feb. 17, 2010) ............................................................ 2

*Turkmen v. Hasty*,
   789 F.3d 218 (2d Cir. 2015) ............................................................................... 9

*Vertical Broad, Inc.*,
   84 F. Supp. 2d .................................................................................... 17, 19

*Vill. of Willowbrook v. Olech*,
   528 U.S. 562 (2000) ..................................................................................... 21

*Viteritti v. Inc. Vill. of Bayville*,
   831 F. Supp. 2d 583 (E.D.N.Y. 2011) .................................................................. 16

*Wahad v. F.B.I.*,
   994 F. Supp. 237 (S.D.N.Y. 1998) ...................................................................... 24

*Wales v. City of New York*, 06-Cv-13684 (GEL) (MHD),
   2008 WL 728870 (S.D.N.Y. Mar. 18, 2008) ........................................................... 23

*Washington v. Glucksberg*,
   521 U.S. 702, 720 (1997) (1997) ........................................................................ 18

*Waxter v. State*,
   826 N.Y.S.2d 753 (3d Dep't 2006) ....................................................................... 24

*Weiser v. Koch*,
   632 F. Supp. 1369 (S.D.N.Y. 1986) ..................................................................... 10

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*,
   473 U.S. 172 (1985) ................................................................................ 14, 15

*Wilson v. Wilder Balter Partners, Inc.*,
   2015 WL 685194 (S.D.N.Y. Feb. 17, 2015) ........................................................... 22

*Witt v. Vill. of Mamaroneck*,
   992 F. Supp. 2d 350 (S.D.N.Y. 2014) .................................................................. 17

ix

*Woodford v. Cmty. Action Agency of Greene County*,
239 F.3d 517 (2d. Cir. 2001) ........................................................................................... 10

*Wright v. NYPD Officer Michael Manetta*,
2016 WL 482973 (S.D.N.Y. Feb. 5, 2016) ....................................................................... 21

*Yale Auto Parts, Inc. v. Johnson*,
758 F.2d 54 (2d Cir.1985) ................................................................................................ 17


STATUTES

42 U.S.C. § 3617 ..................................................................................................................... 22

N.Y. TOWN LAW § 190 ..................................................................................................... 4, 18

N.Y. TOWN LAW § 194(1)(D) ........................................................................................... 4, 18

N.Y. TOWN LAW § 272-A(1)(B) ........................................................................................... 2

N.Y. TOWN LAW § 272-A(2)(A) ........................................................................................... 2

N.Y. TOWN LAW § 272-A(4) & (7) ...................................................................................... 2

N.Y. TOWN LAW § 272-A(10) ............................................................................................... 3

N.Y. TOWN LAW § 272-A(11)(A) ......................................................................................... 2

N.Y. TOWN LAW § 191 ..................................................................................................... 4, 18

N.Y. TOWN LAW § 193 ..................................................................................................... 4, 18

x

## PRELIMINARY STATEMENT

In 2016, the Town of Monroe set out to review and revise its 2005 Comprehensive Master Plan. Given the years passed since the last update, it was necessary to consider the changes to the social and physical makeup of the Town and to ensure the municipality's land use policies still adequately served the community's goals. This required a focused review of the Town's environmental and planning objectives and the related zoning regulations. During that review, to alleviate any immediate pressures and maintain the status quo, it was essential to adopt a moratorium on all residential development. Therefore, in April 2016, the Town of Monroe Town Board adopted a local law, implementing a 90-day moratorium on development of residential property in the unincorporated area of the Town. The Town then embarked on a thorough and community-oriented evaluation of its land use policy and development strategy, which included public workshops, surveys, and public comment periods, as well as the required State Environmental Quality Review Act ("SEQRA") process. Throughout this effort, the Town revisited the moratorium and extended it for 90-day periods, as appropriate.

The Town's efforts culminated in November 2017, when it adopted an update to its Comprehensive Master Plan and associated amendments to its zoning code. By operation of law, the moratorium expired at that time. While the moratorium was still in effect, Plaintiff filed a lawsuit in state court challenging the law and seeking exemption from it. After the moratorium expired, Plaintiff amended its state court pleadings to seek exemption from the new zoning laws.

This federal lawsuit is duplicative of the state court action, save for baseless individual-capacity claims against various Town Board officials who are entitled to immunity from suit. The Court should abstain from adjudicating this matter, and, if not, it should dismiss the Complaint in its entirety because, as discussed below, Plaintiff's claims fail as a matter of law.

1

## STATEMENT OF FACTS[1]

The Town Board is the Town's legislative body. Complaint ¶ 35.[2] New York Town Law vests in the Town Board the authority to prepare, amend, and adopt the Town's comprehensive plan. N.Y. Town Law § 272-a(4) & (7). Indeed, "[a]mong the most important powers and duties granted by the legislature to a town government is the authority and responsibility to undertake town comprehensive planning and to regulate land use for the purpose of protecting the public health, safety and general welfare of its citizens." N.Y. Town Law § 272-a(1)(b).

The law defines a town comprehensive plan as "the materials, written and/or graphic … that identify the goals, objectives, principles, guidelines, policies, standards, devices and instruments for the immediate and long-range protection, enhancement, growth and development of the town located outside the limits of any incorporated" part of a town. N.Y. Town Law § 272-a(2)(a). New York Town Law mandates that "[a]ll town land use regulations must be in accordance with [the] comprehensive plan." N.Y. Town Law § 272-a(11)(a).

In 2005, the Town Board undertook a review of the Town's Comprehensive Master Plan ("CMP"). Ex. A. In May 2008, the Town Board adopted an update to the CMP, entitled Master

---

[1] When considering a motion to dismiss for failure to state a claim, the court considers the facts set forth in the complaint, documents attached thereto and incorporated by reference therein, case law, statutes, and matters of public record. *See Automated Salvage Transp., Inc. v. Wheelabrator Envl. Sys., Inc.*, 155 F.3d 59, 67 (2d Cir. 1998); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Magee v. Nassau County Medical Ctr.*, 27 F. Supp. 2d 154, 160 (E.D.N.Y. 1998). Matters of public record include, *inter alia*, Town Board meeting minutes and resolutions. *See Sheri Torah, Inc. v. Vill. of S. Blooming Grove*, No. 10 CIV. 3762 LAP, 2013 WL 1454953, at *2 (S.D.N.Y. Mar. 28, 2013) (taking judicial notice of meetings minutes of a village boards); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 695 (S.D.N.Y. 2011) ("the minutes and recordings of the City Council meetings are matters of public record and therefore are the types of materials of which a court may take judicial notice."); *Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011); *Toussie v. Town Bd. of Town of E. Hampton*, No. CIVA 08-1922 DRH WDW, 2010 WL 597469, at *4 (E.D.N.Y. Feb. 17, 2010) (considering town board resolutions).

[2] All paragraph citations refer to the Complaint (ECF. No. 1). All citations to exhibits with numerical designations refer to the exhibits annexed to the Complaint (ECF Nos. 1-1–1-20). All citations to exhibits with alphabetic designations refer to the exhibits annexed to the Declaration of Leo Dorfman.

Plan – Comprehensive Update 2005 (the "2005 CMP Update"). Ex. A. The Town Board recognized the need to keep the document flexible and current, and—as required by New York Town Law—that it should be revisited at regular intervals. N.Y. Town Law § 272-a(10) ("The town board shall provide, as a component of such proposed comprehensive plan, the maximum intervals at which the adopted plan shall be reviewed."). The 2005 CMP Update provides:

> As noted in Section II of this document, there should be regularly scheduled review taking place typically on a five to ten year basis in order to reconsider this Plan and determine whether it adequately address the Town's needs. **Given the development potential and relatively limited availability of land in the Town of Monroe, this Plan recommends that the next review should take place within a five year time frame**.

Ex. A at 123 (emphasis added).

In March 2016, the Town Board retained Nelson, Pope, and Voorhees, LLC ("Planner"), an environmental planning and consulting firm, to evaluate the 2005 CMP Update and make recommendations as to the need for an update. Ex. B at 2. The Planner recommended a review and potential update, as well as the adoption of a moratorium pending that review. Ex. C at 2.

## A.   The Town Board Adopted a Temporary Moratorium on all Residential Development Ancillary to a CMP Review

In April 2016, the Town Board adopted Local Law No. 1 of 2016, entitled "A Local Law Implementing a Moratorium on the Development of Residential Property of the Unincorporated Town of Monroe, New York" (the "Moratorium Law"). Compl. Ex. 8. The Board adopted the Law to maintain the status quo during the Town Board's review of the CMP and to prevent interim development from frustrating the objectives of that review. *Id*. at 2. The moratorium applied equally to everyone in the Town. *Id*. The Town Board did not exempt *any* land subdivisions that had received conditional final approval from the Town Planning Board. ¶ 187 (emphasis added).

3

### B.        Plaintiff Applied for Exemption from the Moratorium

The Moratorium Law empowered the Town Board to grant a variance from the moratorium in limited circumstances. Compl. Ex. 8, § 3(A). Specifically, the law provided that "[u]pon a showing of severe hardship (defined as no economic return on any land purchase), the Town Board may vary from the moratorium … if it determines, in its absolute discretion, that granting such relief is consistent with the health, safety and general welfare of its inhabitants of the Town and their property and in harmony with the spirit and purpose of this Local Law." *Id.*

Plaintiff—a corporation with no alleged religious affiliation—owns an undeveloped tract of land in the Town. Compl. ¶¶ 33, 45. In April 2015, the Town Planning Board issued Conditional Final Subdivision Approval. *Id.* ¶52. At the time the Town Board enacted the moratorium, and continuing to date, Plaintiff had not satisfied all of the conditions of approval. At least five conditions remain outstanding, including creation of a drainage district, entering into a Public Improvement Security Agreement ("PISA") with the Town Board, posting financial security, dedication of open space, and obtaining sidewalk waivers. *Id.* ¶59.

Under New York Town Law, the creation of a drainage district is a discretionary, legislative act of the Town Board. *See* N.Y. Town Law § 190 ("Upon a petition … , the town board of any town *may* establish or extend in said town a … drainage [district] …" (emphasis added). It requires a formal petition, a public hearing, and environmental review. *See* N.Y. Town Law §§ 191, 193. In deciding whether to grant a petition to create a drainage district, the Town Board must determine, *inter alia*, "whether it is in the public interest to grant in whole or in part the relief sought." N.Y. Town Law § 194(1)(d).

In May 2016, Plaintiff applied for exemption from the moratorium. Compl. ¶ 158. Following its review of the application and a public hearing, the Town Board determined Plaintiff

4

did not show the required severe hardship and voted to deny the application in September 2016. *Id.* ¶ 179. Councilman Colon was not present and did not vote on Plaintiff's application. *Id.* ¶ 177.

### C.    Plaintiff Filed Suit in State Court to Challenge and Seek Exemption from the Moratorium

In January 2017, Plaintiff filed a hybrid Article 78 Petition/Verified Complaint challenging the moratorium and seeking review of the Town Board's denial of its application for exemption (the "State Action"). *See Highview Properties D.H.F., Inc. v. Town of Monroe, et al.* Index No.298/2017 (Sup. Ct. Orange Co.); *see also* Ex. D. Plaintiff alleges "the Moratorium is unconstitutional and invalid on its face and as applied," and it seeks a declaratory judgment to that effect. Ex. D, ¶ 2. It alleges the Town Board's denial of its exemption application was "arbitrary and capricious" and seeks an order vacating the decision. *Id.* at 16.

Two other developers filed similar lawsuits, and the State Court has consolidated the three cases for adjudication. *See CHAB 5 Realty, LLC v. Town of Monroe*, *et al.*, Index No. 00338-2017; *Golden Ray v. Town of Monroe, et al.*, Index No. 00300/2017; *see also* Ex. E.[3]

### D.    The Town Board Adopted Amendments to Certain Provisions of its Zoning Code; the Moratorium Expired

In February 2017, the Town Board passed a local law amending the Town's Accessory Apartment law. Compl. ¶ 199. The law governs the ability of owners of existing, occupied properties to apply for approval to use and expand their properties in the future. Specifically, the revised Accessory Apartment law allows "any owner occupying a single-family dwelling" to apply to the Planning Board for approval to add an accessory apartment to his or her home, provided the

---

[3] It appears Plaintiff used the *Golden Ray* State Action Petition-Complaint as a template for its federal Complaint, with much of it taken verbatim. *Compare, e.g.*, Compl. ¶¶ 17–32, 97–182, & 237–39 *with* Ex. E ¶¶ 14–21, 83–185, & 167–69. Notably, as part of the *Golden Ray* action, the state court must determine whether approval of a PISA is a "ministerial, nondiscretionary act" under the Town Code Ex. E, ¶¶ 242–51, an issue germane to Plaintiff's constitutional claims asserted here. As discussed in Point I, *infra*, this fact supports *Colorado River* abstention.

apartment is no more than 750 square feet or 30% of the square footage of the original home, whichever is less. ¶ 199. The revised law does not affect Plaintiff's approvals or change the current scope of its project.

In November 2017, after a thorough and community-oriented process, including public workshops, surveys, and public comment periods, the Town Board adopted an update to its CMP and amendments to its zoning code. Compl. ¶ 206. As a direct effect of these legislative acts, the moratorium expired. With the expiration of the moratorium, nothing prevents Plaintiff from pursuing satisfaction of the outstanding conditions of its approval.

### E.     Plaintiff Amended its Pleading in the State Action to Seek Exemption from the Zoning Amendments

In December 2017, Plaintiff filed an amended pleading in the State Action to challenge and seek exemption from the Accessory Apartment and amended zoning laws. Ex. F. It seeks, *inter alia*, a judgment declaring it is entitled to a "Special Fact Exception" for exemption from these laws. *Id.*, ¶¶ 66–69. The State Action remains *sub judice*.

### F.     Plaintiff Filed this Duplicative Federal Lawsuit

With the State Action pending, Plaintiff filed this action on January 31, 2018. As in its parallel proceeding, Plaintiff asserts challenges to the moratorium, the denial of its exemption application, and seeks exemption from the new zoning, which includes the Accessory Apartment Law.

**ARGUMENT**

**POINT I:     CARDONE, MCGINN, AND COLON ARE ENTITLED TO IMMUNITY FROM SUIT**

The Court should dismiss all individual-capacity claims against Supervisor Cardone and Councilmen McGinn and Cardone on the basis of absolute legislative and qualified immunity.

### A. Absolute Legislative Immunity

Public servants acting in their legislative capacity are immune from civil liability. *See Rini v. Zwirn*, 886 F. Supp. 270, 280 (E.D.N.Y. 1995); *Star Distributors, Ltd. v. Marino*, 613 F.2d 4, 6 (2d Cir. 1980). This immunity has been extended to local legislative boards. *See Orange Lake Assocs., Inc. v. Kirkpatrick*, 21 F.3d 1214, 1219 (2d Cir. 1994)); *Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 73 (2d Cir. 1992), *quoting Dusanenko v. Maloney*, 560 F. Supp. 822, 827 (S.D.N.Y.1983). Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity," *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998), regardless of an official's motive or intent. *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007).

Because enactment of the moratorium and amendment of the Accessory Apartment and zoning laws were purely legislative acts, Cardone, McGinn, and Colon are absolutely immune from suit. *See Orange Lake Assocs. v. Kirkpatrick*, 21 F.3d 1214, 1224 (2d Cir. N.Y. 1994) (legislative immunity attached to individual members of local town board for their adoption of a master plan and zoning law amendments); *Livant v. Clifton*, 334 F. Supp. 2d 321, 326 (E.D.N.Y. 2004) ("Here, the Board's actions in holding a hearing, voting, and approving a resolution which authorized the removal of a nuisance ... are clearly legislative in nature.")

### B. Qualified Immunity

As to the denial of Plaintiff's application for exemption from the moratorium—the only

arguably non-legislative act alleged in the Complaint—Cardone and McGinn are entitled to qualified immunity because Plaintiff fails to allege either official personally violated Plaintiff's clearly established rights. And Colon did not vote on Plaintiff's exemption application and thus the Board's denial cannot be used as a basis for liability against him. *See ¶* 177, 179; Ex. 17.

Qualified immunity "is an entitlement not to stand trial under certain circumstances. Such entitlement is an *immunity from suit* rather than a mere defense to liability … which 'is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985) (emphasis in original). "The Supreme Court 'repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Chamberlain v. City of White Plains*, 12-CV-5142 CS, 2013 WL 6477334 (S.D.N.Y. Dec. 10, 2013) (*quoting Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231(internal quotation marks omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (citation and internal quotation marks omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *al-Kidd*, 131 S. Ct. at 2083 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"The Supreme Court's recent repeated unanimous awards of qualified immunity emphasize the narrow circumstances in which government officials may be held personally liable for their actions in suits for money damages." *Turkmen v. Hasty*, 789 F.3d 218, 281 n.26 (2d Cir. 2015).

8

"The dispositive question is whether the violative nature of *particular* conduct is clearly established … [and] must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (emphasis in original). "This 'clearly established' standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can 'reasonably … anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson*, 483 U.S. at 639).

There are no plausible allegations that either Supervisor Cardone or Councilman McGinn violated Plaintiff's clearly established rights in denying its application for exemption from the moratorium. To the extent Plaintiff claims the denial was motivated by religious animus, the claim fails because Plaintiff has no religious affiliation and, in any event, there are no plausible allegations that either Cardone or McGinn was motivated by such animus. Nor is it clearly established that a developer with unsatisfied, non-ministerial conditions on its subdivision approval is entitled to exemption from a temporary moratorium enacted ancillary to a CMP review.

**POINT II:   THE COURT SHOULD ABSTAIN FROM HEARING ALL CLAIMS IN LIGHT OF THE PREVIOUSLY-FILED PARALLEL STATE CASE**

The Court should abstain from hearing all claims under *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976), because Plaintiff's pending State Action involves the same legal issues presented in this case.

Abstention under *Colorado River* rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817. To determine whether abstention is warranted under *Colorado River*, a District Court should consider:

9

(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal actions will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County*, 239 F.3d 517, 522 (2d. Cir. 2001) (citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

Before considering the *Colorado River* factors*,* a threshold determination is "whether the state and federal proceedings are indeed parallel, *i.e.*, whether substantially the same parties are litigating the same issues in a state forum." *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005). To be parallel, "federal and state suits need not be identical in every aspect." *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 244 (S.D.N.Y. 1998) (*citing Weiser v. Koch*, 632 F. Supp. 1369, 1386 (S.D.N.Y. 1986) (cases parallel where "the crucial threshold issue" of whether plaintiffs had a property interest under state law would be "decided imminently.") This requirement is satisfied here, where the parties are identical and the "crucial threshold issue" to Plaintiff's constitutional challenges—whether it has a vested property interest and/or should be exempt from the new zoning—is pending in the state court.

Turning to *Colorado River* factors, the balance weighs in favor of abstention or, at the very least, a stay pending resolution of the State Action. "[T]he most important factor in [the Supreme Court's] decision to approve the dismissal [in *Colorado River*] was the 'clear federal policy ... [of] avoidance of piecemeal adjudication.'" *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460

10

U.S. 1, 16 (1983) (quoting *Colorado River*, 424 U.S. at 819). Indeed, "the predominant concern expressed in *Colorado River* and its progeny is the avoidance of piecemeal or purely duplicative litigation and the concomitant waste of judicial resources." *Mouchantaf*, 368 F. Supp. 2d at 307.

Here, Factor (3)—the overriding factor—weighs in favor of abstention because Plaintiff asserts identical claims in both fora, and abstention will thus avoid "purely duplicative" litigation. At its core, this federal lawsuit seeks exemption from the new zoning. This is *precisely* the issue that is currently *sub judice* in the State Action. *See* Ex. F. Allowing these duplicative cases to proceed simultaneously creates piecemeal litigation and the danger of inconsistent rulings, raising the specter that this Court will rule on the propriety of the Town Board's actions before the state court has a chance to do so. *See Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 508 (S.D.N.Y. 1998) (abstention appropriate where the "linchpin" of the federal action is the same issue at the core of the state court action and thus "there is a strong likelihood of needless duplication of the state proceeding."); *Bull & Bear Group, Inc. v. Fuller*, 786 F. Supp. 388, 392-93 (S.D.N.Y. 1992) (abstention appropriate where "allowing [the] case to proceed in federal court would pose a risk of inconsistent and contradictory results").

Indeed, "[g]iven [this] identity of issues in the state and federal actions, the existence of concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first, which would be prejudicial, to say the least, to the possibility of reasoned decision making by either forum." *Mouchantaf*, 368 F. Supp. 2d at 307 (S.D.N.Y. 2005). This Court should, at the very least, abstain from litigating this matter until the State Action is decided, providing the state law ground rules that will govern (and potentially moot) Plaintiff's federal claims.

Factors (4) and (5) also weigh in favor of abstention. Plaintiff filed the State Action first,

11

and while federal law provides the rule of decision on the Fourteenth Amendment and FHA claims, state law controls whether enactment of the moratorium and new zoning was reasonable and proper in the first instance and whether Plaintiff possesses a requisite property interest. Thus, the state court issues take priority.

Factor (6)—whether the state procedures are adequate to protect the plaintiff's federal rights—weighs in favor of abstention, too. There is no reason to believe the state court will not properly consider the issues raised by Plaintiffs' application. If the state court decides in Plaintiffs' favor, Plaintiffs may have the relief they seek—exemption from the new zoning.

Factors (1) and (2) are neutral and do not weigh against abstention. No court has assumed jurisdiction over a *res* and the federal forum is no less convenient than the state forum.

Ultimately, "this Court's exercise of jurisdiction will lead to duplicative efforts, piecemeal litigation, and the possibility of inconsistent determinations. Worse, the multiple actions in different courts decrease the chances of both settlement and efficient resolution of the underlying dispute…." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 477 (S.D.N.Y. 2001). The Court should abstain from hearing this matter.

**POINT III:     PLAINTIFF'S CHALLENGES TO THE EXPIRED MORATORIUM ARE MOOT (FIRST, SECOND, THIRD, SIXTH, SEVENTH, & TENTH CAUSES OF ACTION)**

"Mandated by Article III's 'case or controversy' requirement, the mootness doctrine prevents federal courts from hearing matters that no longer present an actual dispute between parties." *Assoc. Gen. Contractors of Connecticut, Inc. v. City of New Haven*, 41 F.3d 62, 65 (2d Cir. 1994). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). "Constitutional challenges to statutes are routinely found

12

moot when a statute is amended" or expires. *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 61 (2d Cir. 1992); *see also Assoc. Gen. Contractors, Inc.*, 41 F.3d at 65–66 (finding case mooted by expiration of the statute). "[D]eference to the legislative body's decision to amend is the rule, not the exception. *See Harrison & Burrowes Bridge Constructors,* 981 F.2d at 61; *see also Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 377 (2d Cir. 2004) ("Mindful of the deference due the legislative body, we are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality itself does not believe that the amendment renders the case moot."); *Catanzano v. Wing,* 277 F.3d 99, 107–08 (2d Cir.2001) (holding no error in district court's issuance of an injunction against law that already had expired where efforts were underway to reenact the provision, but nevertheless finding case moot because efforts to reenact the law were abandoned while case was on appeal).

Because the moratorium expired by operation of law when the Town Board adopted amendments to the zoning law, Plaintiff's challenges to the moratorium are moot. When the moratorium expired, Plaintiff obtained the relief it seeks from its challenge to the law: exemption. Nothing prevents Plaintiff from pursuing satisfaction of the outstanding conditions of its subdivision approval. There is no live case or controversy for the Court to adjudicate.

**POINT IV:   PLAINTIFF'S CHALLENGES TO THE NEW ZONING ARE UNRIPE (FIRST THROUGH FOURTH, SIXTH, & EIGHTH THROUGH ELEVENTH CAUSES OF ACTION)**

Because Plaintiff does not—and cannot—allege the Town has applied to it any of the amended zoning laws, including the Accessory Apartment, its claims challenges these laws are not ripe for federal court review.

13

"To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir.1993)). "A claim is not ripe if it depends upon 'contingent future events that may or may not occur as anticipated, or indeed, may not occur at all.'" *Walsh*, 714 F.3d at 687 (quoting *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 580–81 (1985)); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002) ("The ripeness requirement prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution.")

Land use challenges are not ripe "until the government charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985); *see also Osborne v. Fernandez*, No. 06-CV-4127CSLMS, 2009 WL 884697, at *5 (S.D.N.Y. Mar. 31, 2009) ("The types of injuries claimed by Plaintiffs—delay and bad faith in the processing of their application and loss of desired use of their property—are precisely the types of claimed injuries that require a final decision to become potentially cognizable."), *aff'd*, 414 F. App'x 350 (2d Cir. 2011).

"A final decision is 'a definitive position on the issue that inflicts an actual, concrete injury.'" *R-Goshen LLC v. Vill. of Goshen*, 289 F. Supp. 2d 441, 448 (S.D.N.Y. 2003), *aff'd* 115 F. App'x 465 (2d Cir. 2004) (quoting *Williamson*, 473 U.S at 193). "A final decision exists when a development plan has been submitted, considered and rejected by the governmental entity with the power to implement zoning regulations." *S & R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d

14

452, 461 (S.D.N.Y.2008). Even if a plan has been submitted and rejected, a claim is not ripe until the "property owner submit[s] at least one meaningful application for a variance." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2d Cir.2005). Plaintiff bears the "high burden" of proving that the Court "can look to a final, definitive position from a local authority to assess precisely how they can use their property."[4] *Id*. at 347. Plaintiff fails to carry this burden.

Plaintiffs' challenges to the new zoning, including the Accessary Apartment law, are entirely speculative and unripe. The Town has never applied these laws to Plaintiff's project, nor has Plaintiff sought a variance.

Plaintiff's challenges to the Accessory Apartment law are especially specious. That law applies only to existing, occupied single-family residences. Ex. 18. It literally *cannot* apply to Plaintiff, which has not even begun construction. Plaintiff's reference to the Law's owner-occupancy requirement is a red herring; while this requirement may affect the developer's ability to receive approval for an accessory apartment at some point in the future, Plaintiff does not, and cannot, allege it has caused "an actual, concrete injury" necessary for judicial review. *Williamson*, 473 U.S at 193. Similarly, unless and until the new zoning is applied to Plaintiff (or Plaintiff seeks a variance), this Court does not have, and can never have, "the benefit of a fully developed record, a precise demonstration of how local regulations would be applied to the particular property, and knowledge of whether a variance or approval of alternative plans could provide the relief the land owner seeks." *Lawson v. E. Hampton Planning and Zoning Comm'n,* No. 07–CV–1270, 2008 U.S.

---

[4] Four considerations undergird "prong-one" *Williamson* ripeness: (1) "requiring a claimant to obtain a final decision from a local land use authority aids in the development of a full record;" (2) "only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel;" (3) a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes;" and (4) "Requiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution." *Murphy*, 402 F.3d at 348.

Dist. LEXIS 72506, at *7–8 (D.Conn. Sept. 22, 2008). In short, Plaintiff fails to carry the "high burden" of establishing ripeness. *Murphy*, 402 F.3d. at 347.

Plaintiff's Takings claim is unripe for the added reason that it fails to "demonstrate that it sought 'compensation for [the] alleged taking before proceeding to federal court.'" *Viteritti v. Inc. Vill. of Bayville*, 831 F. Supp. 2d 583, 591 (E.D.N.Y. 2011) (quoting *Murphy*, 402 F.3d at 348)).

**POINT V:     PLAINTIFF LACKS STANDING TO CHALLENGE THE NEW ZONING FOR ALLEGED RELIGIOUS DISCRIMINATION (FIRST THROUGH FOURTH, SIXTH, EIGTH THROUGH ELEVENTH CAUSES OF ACTION)**

"As a rule, a party must assert his or her own legal rights and interests, and cannot rest the claim to relief on the legal rights or interests of third parties." *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 997 F. Supp. 340, 349 (E.D.N.Y. 1998) ("There is no reason that town residents aggrieved over a zoning law … cannot assert their own rights."). Plaintiff speculates these laws "will disproportionately affect Hasidic Jews," but it cannot assert speculative claims on behalf of potential future tenants, who may or may not turn out to be Hasidic Jews and who may or may not seek to add accessory apartments to their units.

**POINT VI:    PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM**

Plaintiff can state not due process claim because the Town did not deprive it of any property interest, provided opportunities to be heard, and did not engage in any conscience-shocking conduct. "While Section 1983 is often used as a vehicle to challenge local land use decisions, federal judicial review of decisions in such matters is extremely deferential." *Overhoff v. Ginsburg Development, L.L.C.*, 143 F.Supp.379, 386 (S.D.N.Y. 2001). Federal courts, in deciding civil rights cases, do not sit as zoning boards of appeal over local zoning decisions; nor are they to be substituted for state courts as adjudicators of the meaning of zoning and other land use regulations. *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). Indeed, "the Due Process Clause

16

does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts." *Lamar Adver. Of Penn LLC v. Pitman*, 573 F. Supp. 2d 700, 707 (N.D.N.Y. 2008).

### A. No Property Interest

"To allege a § 1983 claim based on the denial of either procedural or substantive due process a plaintiff must allege a federally protectable property interest." *Missere v. Gross*, 826 F. Supp. 2d 542, 556 (S.D.N.Y. 2011) (collecting cases). "The issue of whether a protected property interest exists is a matter of law for the court to decide." *Vertical Broad, Inc.*, 84 F. Supp. 2d at 391 (*citing RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989)). A federally protected property right exists only when a plaintiff can show a clear entitlement to the relief sought. *Id.* (*citing Natale*, 170 F.3d at 263); *Petruso v. Schlaefer*, 312 F. App'x 397, 399-400 (2d Cir. 2009). "Such a claim does not arise from the Constitution, but rather from an independent source such as state or local law." *Witt v. Vill. of Mamaroneck*, 992 F. Supp. 2d 350, 365-66 (S.D.N.Y. 2014). "An abstract need, desire or unilateral expectation is not enough." *Abramson v. Pataki,* 278 F.3d 93, 99 (2d Cir.2002) (*citing Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

"[T]he question of whether an applicant has a legitimate claim of entitlement to the issuance of a license or certificate should depend on whether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 59 (2d Cir.1985). "If federal courts are not to become zoning boards of appeals (and not to substitute for state courts in their state law review of local land-use regulatory decisions), the entitlement test of *Yale Auto Parts*—'certainty

or a very strong likelihood' of issuance—must be applied with considerable rigor." *RRI Realty,* 870 F.2d at 918.

Plaintiff does not, and cannot, allege the Town deprived it of any protected property interest. Plaintiff claims the moratorium deprived it of protected rights "by prohibiting issuance of even the most minor ministerial permits and approvals by Town officials and boards," but New York state law makes clear the legal insufficiency of this claim. For example, the creation of a drainage district is not a "minor ministerial" act; rather, it is within the discretionary, legislative powers of the Town Board. New York Town Law provides, "[u]pon a petition … , the town board of any town *may* establish or extend in said town a … drainage [district]. N.Y. Town Law § 190 (emphasis added). It requires a formal petition, a public hearing, and environmental review. *See* N.Y. Town Law §§ 191, 193. In deciding whether to grant a petition to create a drainage district, the Town Board must determine, *inter alia,* "whether it is in the public interest to grant in whole or in part the relief sought." N.Y. Town Law § 194(1)(d). Regardless whether Plaintiff believes the Town Board *should* create the drainage district, nothing in the law mandates that it do so.

**B. No "Conscience Shocking" Conduct**

Substantive due process "does not provide a comprehensive scheme for determining the propriety of official conduct or render all official conduct actionable." *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005). Rather, "the scope of substantive due process is very limited." *Ahmed v. Town of Oyster Bay*, No. 12-CV-3654 (JFB)(WDW), 2014 WL 1092363, at *7 (E.D.N.Y. Mar. 18, 2014) (*citing Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). To plead a violation of a right to substantive due process, a plaintiff must allege government action "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Pena*, 432 F.3d at 112 (*quoting Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Only "the most

18

egregious official conduct" can be construed to violate the principles of substantive due process. *Cnty. of Sacramento*, 523 U.S. at 846; *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (action must be "arbitrary, conscience shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised"). "The mere violation of state zoning laws is not sufficient to demonstrate conduct so outrageous as to violate the substantive component of the due process clause." *Vertical Broad, Inc. v. Town of Southampton*, 84 F. Supp. 2d 379, 391 (E.D.N.Y. 2000).

Plaintiff's attempt to cast a shadow over these legitimate legislative acts by alleging religious discrimination cannot save its claim. Plaintiff does not purport to be a religious organization, and thus it fails to allege how this behavior implicates its constitutional rights. In any event, there are no plausible allegations that the Town Board acted with the alleged religious animus Plaintiff assigns to certain members of the community.

### C.  No Deprivation of Process

Plaintiff's procedural due process claim is limited to the Planning Board's consideration of her request to reinstate her expired site plan approval. *See* ¶¶ 717–31.

## POINT VII:   PLAINTIFF FAILS TO STATE A TAKINGS CLAIM

Ripeness issues aside, Plaintiffs' Takings claim fails as a matter of law because Plaintiff does not allege a property interest, much less that one was actually taken.

"To state a takings claim under § 1983, a plaintiff must allege (1) a property interest, (2) that has been taken under color of state law, (3) without just compensation." *Guichard v. Town of Brookhaven*, 26 F. Supp. 3d 219, 225 (E.D.N.Y. 2014). Plaintiffs must plausibly allege the Village deprived them of all economically viable uses for their property. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992); *Soundview Assocs. v. Town of Riverhead*, 725 F. Supp. 2d 320, 333 (E.D.N.Y. 2010) ("plaintiff fails to adequately state a claim for an unconstitutional taking under

19

the Fifth Amendment because plaintiff has not alleged that it has been denied all economically viable uses of the subject property.")

As discussed in Points IV and VI, *supra*, Plaintiff alleges neither a protected property interest nor that it sought compensation from the state through the available adequate procedures.

In any event, the Takings claim fails because Plaintiff does not and cannot allege the Town has taken anything. Plaintiff premises the claim solely on the Town Board's adoption of the Accessory Apartment Law and the zoning amendments. However, to date, none of these laws has been applied to Plaintiff's project, which is still subject to outstanding conditions of approval.

**POINT VIII: PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM**

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state a "standard" equal protection claim, a plaintiff must allege differential treatment based on "*his* membership in a specific protected class." *Massi v. Flynn*, 353 F. App'x 658, 660 (2d Cir. 2009) (emphasis added). "A plaintiff … who does not claim to be a member of a constitutionally protected class may bring an Equal Protection claim on one of two theories: selective enforcement or 'class of one.'" *Delluri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 572 (S.D.N.Y. 2012) (*citing Cobb v. Pozzi*, 363 F.3d 89, 109–10 (2d Cir.2004). "Both of these theories require a plaintiff to show differential treatment from other 'similarly situated' individuals." *Id*.[5]

---

[5] To state a selective treatment claim, plaintiff must allege (a) they were selectively adversely treated compared with others similarly situated and (b) the selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. *Okoh v. Sullivan*, 441 F. App'x 813, 814 (2d Cir. 2011). "Courts within this Circuit have held that individuals are similarly situated for purposes of selective enforcement claims when they are similarly situated in all material respects." *Wright v. Nypd Officer Michael Manetta*, No. 14-CV-8976 (KBF), 2016 WL 482973, at *3 (S.D.N.Y. Feb. 5, 2016). "[W]here a plaintiff claims to have been treated unfairly in a zoning/building context, he must plead specific examples of applications and hearings that were similar to plaintiff's application and demonstrative of the disparate

Plaintiff fails to allege any facts to support an equal protection claim. It alleges neither membership in a protected class nor differential treatment from other similarly situated individuals. It fails to state an equal protection claim. *See Strunk v. New York State Ins. Fund*, 47 F. App'x 611, 612 (2d Cir. 2002) (*citing Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir.2001) ("[Plaintiff]'s § 1983 equal protection claim fails because he does not allege membership in a vulnerable class, or demonstrate that he was treated differently from other similarly situated individuals and that there was no rational basis for the unequal treatment.")

## POINT IX: PLAINTIFF FAILS TO STATE A FHA RETALIATION CLAIM

The FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section ... 3604[.]" 42 U.S.C. § 3617. "The elements of a *prima facie* retaliation claim under the FHA are (1) the plaintiff engaged in protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action." *Ponce v. 480 E. 21st St., LLC,* No. 12–CV–4828, 2013 WL 4543622, at *3 (E.D.N.Y. Aug. 28, 2013). "Protected activity under the FHA refers to 'action taken to protest or oppose statutorily prohibited discrimination.'" *Miller v. Bd. of Managers of Whispering Pines at Colonial Woods Condo. II,*

---

treatment alleged." *Amid v. Vill. of Old Brookville*, No. CV 11-3800, 2013 WL 527772, at *6 (E.D.N.Y. Feb. 7, 2013).

To state a viable class-of-one equal protection claim, plaintiffs must allege they were treated differently from others similarly situated in all relevant respects, and that the defendants had no rational basis for the differential treatment. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603-04 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). To survive a motion to dismiss, a "class of one plaintiff must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston*, 610 F.3d at 59. Indeed, the plaintiff must allege that he was intentionally treated differently than other individuals who are "prima facie identical in all relevant respects." *Prestopnik v. Whelan*, 249 F. App'x 210, 213 (2d Cir. 2007) (citation omitted).

457 F. Supp. 2d 126, 131 (E.D.N.Y. 2006) (citation omitted). "[T]o plausibly state a claim of retaliation, Plaintiffs must allege facts to support that they 'took action to affirmatively oppose discrimination against [them] by [Defendants].'" *Wilson v. Wilder Balter Partners, Inc.*, No. 13-CV-2595 KMK, 2015 WL 685194, at *12 (S.D.N.Y. Feb. 17, 2015).

Plaintiff does not allege it engaged in any activity protected by the FHA. It thus does not, and cannot, allege the Town took any action on the basis of such protected activity. Its FHA retaliation claim is a nonstarter. *Wilson v. Wilder Balter Partners, Inc.*, No. 13-CV-2595 KMK, 2015 WL 685194, at *12 (S.D.N.Y. Feb. 17, 2015); *Miller v. Bd. of Managers of Whispering Pines at Colonial Woods Condo. II*, 457 F. Supp. 2d 126, 131 (E.D.N.Y. 2006).

## POINT X:   PLAINTIFF FAILS TO STATE A CONSPIRACY CLAIM

To maintain a conspiracy claim under § 1985(3), Plaintiffs must plead "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of equal protection of the laws . . . (3) an act in furtherance of the conspiracy . . . (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen." *Wales v. City of New York*, 06-CV-13684 (GEL) (MHD), 2008 WL 728870, at *5 (S.D.N.Y. Mar. 18, 2008) (citations omitted) (omissions in original); *accord  Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007). The conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Robinson v. Allstate Ins. Co.,* 508 Fed. App'x. 7, 9 (2d Cir.2013) (summary order) (quoting *Britt v. Garcia,* 457 F.3d 264, 270 n. 4 (2d Cir.2006)). "[I]t does not suffice for application of § 1985(3) that a protected right be incidentally affected." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 113 S. Ct. 753, 762 (1993).

Plaintiff's claim that the Town Board members conspired among themselves is a nonstarter because officers of a single corporate entity are legally incapable of conspiring together, *Hartline*

*v. Gallo*, 546 F.3d 95, 99 (2d Cir. 2008), particularly where the officers are alleged to be acting within the scope of their employment. *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.1978).

To the extent Plaintiff alleges the Town Board conspired with United Monroe, the claim still fails because Plaintiff does not allege a conspiracy to violate its constitutional right to equal protection. Though Plaintiff alleges Defendants harbored religious animus, Plaintiff does not purport to have religious affiliation. As discussed in Part V, *supra*, developer Plaintiff lacks standing to assert claims on behalf of the Hasidic Jewish community.

**POINT XI:   PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK STATE CONSTITUTION (SECOND & SIXTH CAUSES OF ACTION)**

Plaintiff attempts to raise a variety of claims under the New York State Constitution. No private right of action exists under the New York State Constitution where, as here, an alternative remedy is available to a prospective plaintiff. *See Felmine v. City of New York*, 09-CV-3768 (CBA) (JO), 2012 WL 1999863, at *6 (E.D.N.Y. June 4, 2012) ("New York courts will only imply a private right of action under the state constitution where no alternative remedy is available to the plaintiff"); *see also Waxter v. State of N.Y.*, 826 N.Y.S.2d 753, 754 (3d Dep't 2006) (same); *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 735 N.Y.S.2d 868 (2001) (claims under the New York Constitution are a "narrow remedy," unavailable where plaintiff has "an avenue of redress").

Courts have found that a § 1983 claim is such an alternative remedy. *See Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439, 447 (S.D.N.Y. 1999) (finding "no private right of action exists for violations of the New York State Constitution where a Plaintiff has alternative damage remedies available, as [plaintiff] does under her § 1983 claim"); *Wahad v. F.B.I.*, 994 F. Supp. 237, 240 (S.D.N.Y. 1998) ("the existence of alternative damage remedies under Section 1983 obviates the need to imply a private right of action under the State Due Process Clause"). Here,

23

the availability of § 1983 claims bars Plaintiffs' State Constitution claims.

**POINT XII:   THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE TOWN BOARD AND ALL INDIVIDUAL OFFICIAL CAPACITY CLAIMS**

"[A]gencies of a municipality are not suable entities because they are 'merely administrative arms of a municipality, [and] do not have a legal identity separate and apart from the municipality." *MetroPCS New York LLC v. City of Mount Vernon*, 739 F. Supp. 2d 409, 419 (S.D.N.Y. 2010); *see also T-Mobile Northeast LLC v. Town of Ramapo*, 701 F. Supp. 2d 446, 463 n. 5 (S.D.N.Y. 2009) (Town Board not independent legal entity). Likewise, official capacity claims "represent only another way of pleading an action against" the Town. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Accordingly, the Court should dismiss as duplicative all claims against the Town Board and all official capacity claims against Supervisor Cardone, Councilpersons McGinn, Colon, and Bingham, and the Planning Board Chairperson.[6]

**POINT XIII: PLAINTIFF'S FAILURE TO COMPLY WITH GENERAL MUNICIPAL LAW 50-E AND 50-H BARS ANY STATE LAW DAMAGES CLAIM**

According to Plaintiff's pre-motion letter, "Plaintiff's state law claims seek injunctive, not monetary relief." (Doc. 41.) Based on this representation, and on Plaintiffs' failure to comply with General Municipal Law 50-e (notice of claim) and 50-h (appearance for a statutory hearing), to the extent the Complaint can be read to assert any state law damages claim, it should be dismissed. *See Matter of Pelekanos v. City of New York*, 264 A.D.2d 446, 694 N.Y.S.2d 694 (2d. Dept.1999); *La Vigna v. County of Westchester*, 160 A.D.2d 564, 554 N.Y.S.2d 1014 (1st Dept.1990).

**CONCLUSION**

Defendants request that this court grant their motion dismissing the Complaint in its

---

[6] Plaintiff purports to sue former Town Supervisor Harley Doles "in his official capacity" only. ¶ 36. However, "[a] claim against a person 'in his former official capacity' has no meaning." *Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997).

entirety with such other relief as this Court may deem just, equitable, and proper.

Dated: Carle Place, New York
      July 2, 2018

SOKOLOFF STERN LLP
*Attorneys for Defendants Town of Monroe, the Town Board and its members, the Town Supervisor, the Town Planning Board Chairperson, Anthony Cardone, Richard Colon, and Michael McGinn*

Leo Dorfman
Alexander J. Eleftherakis
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
